■ JEROME LIEBERTHAL, Respondent-Appellant, v. STATE OF NEW YORK, Appellant-Respondent. (Claim No. 39296.) — Per Curiam. The State appeals from a judgment awarding damages in an appropriation case and the claimant cross-appeals on the ground that the award is inadequate. The State contends that the court's method of computing direct and consequential damages was erroneous and also urges that the admission into evidence of a partial advance payment was error. The claimant, through solely owned corporations, acquired 100 acres of land in 1956 situated along Route 9 and Moffitt Road, located about one-half mile north of the Plattsburgh City line. (All references herein to acreage and feet are approximate.) The frontage on Route 9 was 2,227.9 feet and on Moffitt Road 528.7 feet in one segment, there being

a separation of 450 feet owned by another, and then an additional 242.6 feet owned by claimant. Thereafter a parcel located on Route 9 with a frontage of 1,580 feet and 900 feet deep was conveyed to one of the solely owned corporations of the claimant known as the North Country Shopping Center, on which was constructed a large building. Subsequently, a small parcel adjacent thereto was conveyed to the claimant, on which was constructed a bowling alley. After these various transfers, there remained 66.77 acres of unimproved land. The boundaries of the land included 647.2 feet on Route 9 north of the Shopping Center and bowling alley, and then extended along the rear of the Shopping Center to a boundary line and then turned at about a 45-degree angle and continued 1,800 feet to Moffitt Road and along the said road as previously described. The State appropriated 27 acres of this tract, including all of the Moffitt Road frontage. The remaining 40 acres was landlocked except for 647 feet on Route 9, north of the Shopping Center. The court found the best use of the property was in part commercial and the remainder residential and stated it could not accept *in toto* either the claimant's or the State's testimony as to values but resolved that the "parcel must be treated as a whole" and accordingly arrived at a fair over-all market value before the appropriation of $3,500 per acre and awarded $94,500 for the 27 acres taken. As for consequential damages to the remaining 40 acres, the court found the damages to have been $1,000 per acre, or $40,000. The total award, therefore, was for $134,500. How the court arrived at the before value of $3,500 per acre is not clear in the present record. There was testimony that the frontage value on Route 9 was $7,500 per acre; $2,400 per acre on Moffitt Road and only $700 per acre for the 50 remaining acres between road frontages, but the court purportedly did not accept this testimony. The court made these findings: "but he [claimant] still retained six hundred fifty feet of such frontage [Route 9] which gave him ample access for the use and development of the property in the rear right up to Moffitt Road" and again, after conceding that the Shopping Center had acquired most of the Route 9 frontage, stated: "the depth now remaining between the rear of the shopping center property and the boundary of the State's taking is too small for any lucrative or desirable commercial use, whereas before it extended on to Moffitt Road." There was a further finding that an owner of such a tract or an investor would not normally sell valuable frontage and retain interior acreage which would have little or no market value. While all of these findings are true, it seems to affirm our position that the Route 9 frontage remained the same after the taking and was not at all affected by the taking and accordingly, when the claimant or his corporations elected to sell or use most of the Route 9 frontage for a commercial pursuit they must, of necessity, have elected to use Moffitt Road as the means of access for the remaining part of the property or at least the substantial part thereof. Under these circumstances, while the court had a right to consider the parcel as a whole, there was no basis for considering Route 9 valuations and therefore, the $3,500 valuation is excessive. Moffitt Road was a secondary, country road, lightly travelled, and the record is void of any evidence of commercial development and the acreage valuation figure found by the court is unrealistic, particularly when within four years of the taking the entire tract had been acquired at an average cost of between $1,750 and $2,000 per acre. From the proof it is somewhat difficult to fix a fair acreage price but when we eliminate any consideration of Route 9 frontage, we find that the before value of the property taken is $2,000 per acre. For the 27 acres, the amount for the direct taking is $54,000. In furtherance of our determination, the 10 acres fronting on Route 9 were not affected and, therefore, should not be considered. There would remain 30 acres behind the Shopping

Center to which there is access from Route 9 but nevertheless, in our opinion, this property was damaged and we accept the court's value of $1,000 per acre as the consequential damages, making a total of $30,000. The total award for direct and consequential damages is $84,000 from which is deducted an advance payment of $24,000 and accordingly, the claimant is entitled to a judgment of $60,000 with appropriate interest. We find it unnecessary to decide the question of the introduction in evidence of the advance payment as the State failed to object at the trial and from reading the record, it obviously played no part in the decision of the court. The State, of course, has the right to make an advance payment to a claimant without prejudice to the rights of the parties subsequently decided on the trial. Judgment modified, on the law and the facts, so as to reduce the award to $60,000, with appropriate interest and, as so modified, affirmed, without costs. Herlihy, J. P., Reynolds, Taylor, Aulisi and Hamm, JJ., concur.