WALTER J. MURPHY, Appellant, v. STATE OF NEW YORK, Respondent. (Claim No. 42693.)

Third Department, December 27, 1967.

*Parmerton & Mountford* (*Lewis B. Parmerton* of counsel), for appellant.

*Louis J. Lefkowitz, Attorney-General* (*Douglas L. Manley* and *Ruth Kessler Toch* of counsel), for respondent.

GABRIELLI, J. The claimant appeals, on the ground of inadequacy, from a judgment of the Court of Claims awarding damages for a partial taking of lands in connection with the widening of Route 38 in Tioga County.

For the taking of some three tenths of an acre of land the Court of Claims awarded the appellant $15,585, of which $725

was found to be direct damages and $14,860 for consequential damages. The appellant's expert testified that the value before the taking was $85,100 and that the after value was $56,100, while the State's expert stated the corrected value before the taking to be $62,000 and the after value to be $53,000. The court below, while not adopting the figures of either expert as to total damages, made an award which was within the range of the testimony. In addition, the court viewed the premises which, together with the evidence presented, properly permitted the court to arrive at the determination which it did. (*Walrath* v. *State of New York,* 10 A D 2d 746.)

Following service of the appropriation map upon the claimant, a departmental appraisal was made by the State pursuant to section 30 of the Highway Law, which developed to be higher than the values testified to by an appraiser upon the trial. The claimant did not accept the offer then made by the State but did later accept an advance partial payment of 60% of the original departmental appraisal and then elected to prosecute his claim. The claimant now erroneously asserts that the State is bound by its departmental appraisal and that any other appraisal offered or any lesser damages found by the Court of Claims are thereby rendered invalid and contrary to law. We would here observe that at no time was the partial payment agreement either offered or received in evidence and neither formed nor could form the basis for the trial court's determination.

We cannot agree with claimant's contention. The partial-payment offer which was accepted by the claimant was nothing more or less than an advance payment on *any* proper award that would be made to him. Any result other than that which we reach herein would have harmful and far-reaching consequences. Any other construction would destroy the obvious intendment of section 30 of the Highway Law and would discourage both settlement negotiations and partial payments (*Brummer* v. *State of New York,* 25 A D 2d 245); and, as we said in *Lieberthal* v. *State of New York* (22 A D 2d 831, 833, affd. without opn. 16 N Y 2d 1012): '' The State, of course, has the right to make an advance payment to a claimant without prejudice to the rights of the parties subsequently decided on the trial.''

The judgment should be affirmed.

HERLIHY, J. P., REYNOLDS, AULISI and STALEY, JR., JJ., concur.

Judgment affirmed, without costs.