■ In the Matter of Rochester Urban Renewal Agency, Appellant, v Nathan Phillips, Respondent.—Judgment unanimously modified, on the law and facts, in accordance with memorandum and, as modified, affirmed, without costs. Memorandum: Petitioner Rochester Urban Renewal Agency appeals from a judgment awarding respondent $40,000 plus interest and costs for the taking of property located at 22-24 Monroe Avenue, Rochester. The subject consists of one- and two-story structures on 2,918 square feet of land and is situated on the northerly side of Monroe Avenue, approximately 200 feet east of the Clinton Avenue intersection. A two-story brick structure fronts 23 feet on Monroe Avenue and extends 45 feet deep. The first floor of this building was utilized as a dry cleaning establishment and the second floor contained an apartment. A one-story brick addition was built behind this structure, which extended an additional 20 feet to the rear of the property. Respondent maintained a small parking area behind these two connected buildings. Petitioner's appraiser found that the highest and best use of the property was its existing use and utilized the income capitalization approach in valuing the subject at $31,000. Respondent's appraiser found that the subject's highest and best use was as part of an assemblage and, utilizing the market data approach, valued the property at $58,000. The court adopted petitioner's appraiser's opinion as to highest and best use

and further found that the most satisfactory method of arriving at a fair market value for the subject was in the income capitalization approach. However, rather than accepting petitioner's appraiser's valuation of $31,000, the court found that approximately 900 square feet of the rear of the property, constituting a small parking area, did not contribute to the income produced and separately valued this area at $10 per square foot or $9,000. The court added this figure to petitioner's appraiser's value for the subject of $31,000 and arrived at a total taking value of $40,000. The sole issue raised on appeal is the propriety of the court's separate valuation of the 900 square feet of the rear of the subject. It is well settled that if the expert testimony of one of the parties is rejected, no range of testimony exists and the award made by the court, if at variance with the remaining expert's opinion, must be supported by independent evidence and a sufficient explanation provided by the court (*Ridgeway Assoc. v State of New York,* 32 AD2d 851; see, also, *Matter of City of New York [A. & W. Realty Corp.],* 1 NY2d 428, 433; *Wayside Nurseries v State of New York,* 36 AD2d 212, 214, affd on opn of App Div 34 NY2d 876). We find no evidence in the record to support the court's determination that the rear 900 square feet of the subject did not contribute to the income of the property as a whole. If any inference can be drawn from the record, it is that this 900 square feet was utilized as a parking area for respondent, the tenant of the upstairs apartment and any patrons of respondent's cleaning store and that this area did indeed contribute in some way to the maintenance and efficiency of the business located thereon. Petitioner's appraiser valued the subject as one unit, utilizing the income capitalization approach, and we see no reason for disturbing his findings, particularly inasmuch as the adjustment made by the court is neither supported in the record nor sufficiently explained. Accordingly, we modify the award by reducing it $9,000 and adopt petitioner's appraiser's valuation of the subject at $31,000 as the proper measure of damages. (Appeal from judgment of Monroe Supreme Court—condemnation.) Present—Moule, J. P., Cardamone, Simons, Hancock, Jr., and Denman, JJ.