■ ORISKANY DEVELOPMENT CORP., Appellant, v STATE OF NEW YORK, Respondent. (Claim No. 53992.)—Appeal from a judgment, entered June 5, 1974, upon a decision of the Court of Claims. This is a claim pursuant to section 30 of Highway Law for the appropriation in fee of a .272-acre strip of land along the frontage of claimant's property on New York State Route 30 and of a permanent easement for drainage containing .03 acre of land, all in the Town of Amsterdam, Montgomery County. The date of the taking was May 8, 1969. The subject property was rectangular in shape with approximately 400 feet frontage on Route 30 and a depth of 1,697 feet frontage on Golf Course Road. The appropriation involved a 400-foot strip of land with a minimum width of 28 feet and widening to 54 feet wide at the northerly end and 73 feet at the southerly end. The property was improved with a community-type shopping center which covers an area of seven acres including parking facilities. Ingress and egress were available along both Route 30 and Golf Course Road, with the main access in the middle of the

frontage on Route 30. The appropriation affected some parking spaces and three signs. It had no other direct affect upon the improvements. As a result of the appropriation, the level of Route 30 was raised by approximately two and one-third feet at the point where it met the entrance ramp from the shopping center, and the ramp had to be lengthened and its slope increased. Claimant's appraiser, using the capitalization method of valuation, found a before value of $1,443,200, of which $268,200 was land value and $1,175,000 was the value of improvements. He found an after value of $1,138,900, of which $167,400 was for land, and $971,500 was for subject's improvements. He fixed direct damages to the land at $25,000 and severance damages at $75,800 for the land and $203,500 for the improvements, for a total of $304,300. To this he added $17,300 for direct damages to trade fixtures— shopping center signs—to arrive at his total damages figure of $321,600. The State's appraiser used income and market data approaches, and fixed a before value of the subject property at $1,410,000, and an after value of $1,400,000 resulting in total damages of $10,000. He valued the direct damage to land as $1,900; the damage to land improvements as $1,800; damage to advertising signs as $5,000; and indirect damage of $1,300 to the remaining land improvements. Both appraisers found the highest and best use of the property to be as a neighborhood shopping center. The court fixed a before value of the subject property at $1,410,000, of which $123,000 was for land and $1,287,000 for buildings and land improvements. The court fixed an after value at $1,388,450, of which $125,500 was for land value and $1,267,950 for buildings and land improvements. The court found claimant's total damage at $21,550, consisting of direct damages for land of $2,452, land improvements damages of $1,800, and damages for loss of signs of $17,300, or a total of $21,552, rounded to $21,550. During the course of the trial, claimant sought to introduce in evidence an appraisal prepared for the State dated February 18, 1969 which fixed total damages at $38,950. The appraisal used by the State's expert on the trial was dated April 20, 1972. Claimant offered the prior appraisal as an exhibit in evidence, but the trial court excluded it from evidence while allowing the claimant to use it in cross-examination of the State's appraiser. In his testimony, the State's appraiser testified that the difference in the two appraisals resulted from changes in the State's plans regarding raising the level of Route 30 at the point where it met the access to claimant's shopping center. He said the proposed increase was reduced from 4.3 feet at the time of the first appraisal to about 2.5 feet at the time of the second appraisal. With the change in plans, the State's appraiser found that any increase in slope would be inconsequential. Claimant also attempted to introduce into evidence as an exhibit a pretrial "Agreement for Partial Payment" between claimant and the State whereby the State agreed to pay 75% of the estimated damages set forth in the first appraisal. This 75% payment had been made by the State and accepted by the claimant. The trial court refused to admit the agreement in evidence. Under the agreement, claimant retained the right to bring an action in the Court of Claims. The agreement further provided: "It is further agreed that in any trial of a claim that may be filed by the claimant, neither the determination of the Commissioner of Transportation as hereinabove set forth, nor any data, estimates or appraisals made or prepared in support thereof, shall be evidence of the value of the claim or of the property affected by the claim." Thus, by reason of the terms of the agreement, claimant was not entitled to use the agreement or the appraisal made in preparation for it as evidence of the value of damages (*Murphy v State of New York*, 29 AD2d 81; *Brummer v State of New York*,

25 AD2d 245). In addition, claimant had full access to the prior appraisal, and was permitted to fully cross-examine the State's appraiser at great length. Every single item in the prior appraisal that was different from the filed appraisal was brought out during cross-examination and is part of the record on appeal. Claimant further contends that the provisions of chapter 1161 of the Laws of 1971 restrict the consideration of damages when an "Agreement of Partial Payment" has been entered into to the excess amount over the value of damages set forth in the agreement. There is no merit to this argument, and the State has the right to make an advance payment without prejudice to the rights of the parties to be determined by trial (*Lieberthal v State of New York*, 22 AD2d 831, affd 16 NY2d 1012; cf. *Depo & Sons v State of New York*, 58 AD2d 1002). It has further been held that chapter 1161 of the Laws of 1971 is not applicable to highway appropriations which are properly subject to the provisions of chapter 1155 of the Laws of 1971 (*Matter of Silverman v Comptroller of State of N. Y.*, 40 AD2d 225). Claimant also argues that the trial court should have permitted testimony by the owner of the claimant as to his experience in finding and keeping tenants after the appropriation and as to management expenses during the same time. Claimant's position seems to be that this proof bolsters the estimates in claimant's appraisal of the amount of severance damages, part of which claimant's appraiser attributed to increased vacancies and higher management costs. The trial court held that "It was revealed on cross examination that several of these leases were entered into months *after* the appropriation. It seems clear that these leases cannot be deemed comparable as far as deriving a before value of the subject". The before value of the subject property must be ascertained at the time of the appropriation. The trial court properly refused to admit evidence of claimant's rentals which accrued after the appropriation. We have considered the other issues raised by claimant and find them to be without merit. Judgment affirmed, without costs. Sweeney, J. P., Staley, Jr., Larkin, Mikoll and Herlihy, JJ., concur.