## FOURTH DEPARTMENT, JULY, 1978

### (July 7, 1978)

■ JAMES S. JEROME et al., as Executors of ISABELLA H. JEROME, Deceased, et al., Appellants, v STATE OF NEW YORK, Respondent. (Claim No. 53702.)—Judgment unanimously affirmed, without costs. Memorandum: Claimants appeal from a judgment of the Court of Claims which awarded them $23,576 together with interest of $7,080.65 for the appropriation of a portion of claimants' land by the State of New York. On March 11, 1969 the State of New York, pursuant to section 30 of the Highway Law in connection with the relocation of the Genesee Turnpike, State Highway No. 132, made a permanent partial appropriation of 6.011 acres of claimants' land in the Town of Geddes. Prior to the appropriation claimants' property consisted of approximately 24 acres of vacant, irregularly shaped land encumbered by a 50-foot power line easement which encompassed 1.240 acres of land. The 6.011-acre appropriation included 5.046 acres of unencumbered land and .965 acre subject to the power line easement. Both parties agreed that the highest and best use of the property before the taking was for residential development. Although the State believed that after the appropriation the highest and best use of the property would not change, claimants' appraiser opined that the highest and best use of the remaining property would be for limited residential subdivision. In evaluating the parcel both parties utilized the market data approach. Using four market comparables claimants found that the unencumbered land had a before-value of $15,000 an acre and an after-value of $7,500 an acre and the land subject to the power line easement had a before-value of $7,500 an acre and an after-value of $5,000 an acre. Claimants' appraiser found direct damages

of $82,900 and consequential damages of $90,000 for a total of $172,900. The State's appraiser used three market comparable sales and concluded that the value of the land before the taking was $4,000 an acre for the unencumbered land and $800 for the encumbered land resulting in total damages of $21,000. The trial court found that the four sales used by claimants' expert were not comparable to the subject and disregarded claimants' appraisal. After rejecting one of the State's comparable sales as being a forced sale and readjusting another sale, the trial court valued the unencumbered land at $4,500 an acre and the land subject to the power line easement at $900 an acre. Finally, the trial court found no compensable consequential damage and awarded claimants $23,576, $22,707 for the unencumbered land and $869 for the encumbered land. The trial court properly rejected claimants' comparables. Three of the comparables were small residential lots and clearly not comparable to the 24 undeveloped acres of the subject property. Sale No. 3 was located in the City of Syracuse and was purchased by an agent of the University of Syracuse. The trial court correctly disregarded this sale finding that the location was not comparable and, under the circumstances of the sale, had reason to find that it was not between a willing seller and buyer. Following the rejection of all the comparable sales of claimants' appraiser, the trial court supplied a proper explanation for reaching a valuation different from that of the other appraiser *(Lawyers Co-Op. Pub. Co. v State of New York,* 47 AD2d 122, affd 39 NY2d 760). Inasmuch as no access was denied to claimants by the taking, no change resulted in the highest and best use and the topography of the subject land provides adequate protection from any foreseeable inconveniences, the trial court correctly denied claimants consequential damages. The State's settlement appraisal exceeded the State's appraisal at trial. However, since the settlement offer was rejected by claimants and the appraisal was not admitted into evidence, it is not binding on the State and may not be used to determine the value of the property *(Murphy v State of New York,* 29 AD2d 81; *Brummer v State of New York,* 25 AD2d 245; *Lieberthal v State of New York,* 22 AD2d 831, affd 16 NY2d 1012). Thus, contrary to their contention, claimants were not denied just compensation simply because the award at trial was less than the State's offer of settlement. The remaining contentions raised relating to the entry of judgment and the State's refusal to settle the record are now moot. (Appeal from judgment of Court of Claims —appropriation.) Present—Marsh, P. J., Cardamone, Dillon, Hancock, Jr., and Witmer, JJ.