WALTER F. JOHNSON et al., Appellants, v STATE OF NEW YORK, Respondent. (Claim No. 59118.)

Third Department, February 28, 1980

**APPEARANCES OF COUNSEL**

*De Clue & De Clue (Israel Margolis* and *Chernin & Gold* of counsel), for appellants.

*Robert Abrams, Attorney-General (George M. Thorpe, Jeremiah Jochnowitz* and *Shirley Adelson Siegel* of counsel), for respondent.

### OPINION OF THE COURT

Herlihy, J.

The essential facts and/or findings controlling this appeal are relatively few. The State appropriated a portion of land owned by the claimants, and as then required by subdivision 13 of former section 30 of the Highway Law (now section 304 of the Eminent Domain Procedure Law), it offered the claimants $27,465 as settlement. The claimants refused the offer as full settlement, but did accept it plus interest as a preliminary payment.

Subsequently, the Court of Claims, upon a trial of the claim, found that the total damage sum due claimant was $13,630, and the judgment appealed from was entered in favor of the State for the amount of its overpayment plus interest.

The claimants contend that the court erred factually in adopting the trial appraisal evidence submitted by the State and legally in refusing to admit the prior State appraisal in evidence upon which the prepayment of $27,465 was based. While the claimants' appraisal evidence was not without any substance at all, nevertheless, the weight to be given it was for the trial court in the first instance, and the claimants have not demonstrated any factual error. The subsequent offer of further evidence by the claimants, upon its motion for reconsideration, was properly rejected by the Court of Claims. Further, the contention that the exclusion of the prior State appraisal as evidence, and/or the refusal to find an estoppel to prove lesser damage than the prepayment amount, is contrary to law or unconstitutional has no merit *(Oriskany Dev. Corp. v State of New York,* 63 AD2d 1082; *Brummer v State of New York,* 25 AD2d 245).

In claimants' brief, it is suggested that the sale of property to a country club would warrant a hearing. The sale was two years after the appropriation, but the claimants did not seek to amend the appraisal or offer any evidence at the trial. The fact is, as set forth in an affidavit in a posttrial motion, that "[e]vidence of the sale to the golf club was not produced at the trial because our appraiser questioned its relevance and believed that our claim could readily be substantiated without it". The claimants did not submit, or even attempt to submit,

proof of the sale at trial and the Court of Claims properly considered such matter as not within the record for consideration (22 NYCRR 1200.27 [e] [1]).

The order and judgment should be affirmed, without costs.

SWEENEY, J. P., MAIN, MIKOLL and CASEY, JJ., concur.

Order and judgment affirmed, without costs.