OPINION OF THE COURT
Donald J. Corbett, Jr., J.
This is a motion by claimant for partial summary judgment.
The underlying action is for damages resulting from the appropriation of claimant’s property by the State of New York for the construction of the Genesee Expressway. On or about December 11, 1979, an agreement for advance payment pursuant to EDPL 303 and 304 was executed between the parties wherein the State agreed to and subsequently paid $64,000 to claimant.
In accordance with 22 NYCRR 1200.19, claimant filed an appraisal on or about November 14, 1983, opining the total damages suffered to be $1,442,000. On or about March 1, 1984, the State filed its appraisal for the subject property, finding the fair market value of the acquired property to be $131,040. Thus, claimant seeks by his motion for partial summary judgment the sum of $67,040 representing the difference between the State’s appraisal at $131,040 and the agreement for advance payment of $64,000.
*940 Claimant contends the State has filed its appraisal and thus is bound by the admissions contained therein. The State asserts that since it is not bound by its departmental appraisal made pursuant to section 30 of the Highway Law (see EDPL 304, subd [H]), it should similarly not be bound by the appraisal report filed with the court.*
Before any judgment shall be rendered for appropriation of land, the value of which exceeds $5,000, the Judge shall view the premises affected thereby. (Court of Claims Act, § 12, subd 4.) Thus, the court is constrained from rendering the judgment sought prior to viewing the premises.
Furthermore, the court, while it must make an award which is within the range of the testimony at trial, is not required to adopt the figures of either expert as to total damages, particularly where the court has viewed the premises. (Murphy v State of New York, 29 AD2d 81, 82.)
“The fact that the amount awarded is less than the value given by experts for either the city or the claimants is not ground for reversal.” (Matter of City of New York [Esam Holding Corp.], 222 App Div 554, 559, affd 250 NY 588; Matter of City of New York [East 161st St.], 159 App Div 662, 667.) A Judge is not bound by opinion testimony, even when uncontradicted, and the right possessed by the trier of fact to view the premises may be added justification to disregard expert testimony. (Matter of City of New York [A. & W. Realty Corp.], 1 NY2d 428, 432; Matter of City of New York [East 161st St.], supra, p 666; Matter of City of New York [East 36th St.], 168 App Div 463, affd 217 NY 621.)
The court might deem it appropriate to reject the expert testimony of one of the parties (and hence its appraisal); thus, there would be no range of testimony and the court’s award if properly supported and explained might then be at variance with the remaining expert’s opinion (Matter of Rochester Urban Renewal Agency v Phillips, 60 AD2d 752). The court is not concluded by the expert testimony or bound to choose between the figures submitted by the parties, and if unable to accurately measure the damages, *941 may reopen the trial to obtain further and more appropriate evidence. (Williams v State of New York, 90 AD2d 882, 884.)
Thus, after hearing all the testimony and viewing the premises, the court properly has the authority to render a judgment, while within the range of the expert testimony, which might be less than the lowest filed appraisal, particularly as such appraisal could be rejected.
Accordingly, claimant’s motion for partial summary judgment is denied.

 The State is not bound by its departmental appraisal. See Johnson v State of New York (72 AD2d 487), where the court, after trial, found that claimant’s damages were less than the advance payment made and judgment was entered in favor of the State for its overpayment plus interest.