◼ In the Matter of LATERAL SEWER 2005 OF THE SOUTHWEST SEWER DISTRICT IN THE COUNTY OF SUFFOLK, Also Known as SUFFOLK COUNTY SEWER DISTRICT No. 3—SOUTHWEST, Appellant, v VIC MARTIN CONSTRUCTION CORP., Respondent.—In an eminent domain proceeding, the petitioner condemnor appeals from a judgment of the Supreme Court, Suffolk County (Geiler, J.), entered November 14, 1983, which awarded claimant the principal sum of $42,573.

Judgment modified, on the law and the facts, by (1) reducing the award to respondent from the principal sum of $42,573 to the principal sum of $16,273, plus interest of 9% from October 26, 1982, and (2) adding a provision that the sum of $26,300 plus interest of 9% from October 26, 1982, be deposited by appellant with the Treasurer of the County of Suffolk, to draw 9% interest, and be subject to the ultimate judicial determination of the condemnation damages to be awarded to claimant. As so modified, judgment affirmed, without costs or disbursements, and matter remitted to the Supreme Court, Suffolk County, for entry of an appropriate amended judgment. Appellant shall be credited as against the $16,273 plus 9% interest with the amounts paid by it to claimant pursuant to the interim order of this court, dated May 2, 1984, which denied claimant's motion to vacate appellant's automatic stay on condition that appellant pay to the respondent $16,273 plus 9% interest.

The subjects of this eminent domain proceeding are subterranean sewer easements, including lateral sewer lines and appurtenances thereto already existing in the beds of the easement areas. Vesting took place by order of the Supreme Court, Suffolk County, dated October 26, 1982 and filed November 8, 1982. The petitioner condemnor originally appraised the subject property as having a market value of $42,573. However, instead of offering to pay that amount as an advance payment directly to the claimant (see, EDPL 301, 302, 303, 304), the condemnor, by notice of motion dated May 12, 1983, asserted that it was unable to establish clear title, as evidenced by annexed title reports, and, therefore, sought an order permitting it to deposit the $42,573 sum plus specified interest with the County Treasurer to extinguish its liability for interest as of the date of deposit.

Claimant opposed such motion and purported to demonstrate that there were no title problems. Claimant also cross-moved by notice of cross motion dated June 16, 1983 for an order directing the condemnor to make the $42,573 advance payment with specified interest to the claimant rather than to the County Treasurer.

By order dated June 27, 1983, Special Term ruled that claimant was the fee owner of the subject property and was entitled to receive the sum of $42,573 with specified interest.

The condemnor failed to appeal from that order and claimant requested payment. On August 19, 1983, however, the county responded that it had been informed by the construc-

tion department for the Southwest Sewer District that serious defects in the sewer facilities would require repairs costing a minimum of $26,000. Accordingly, the county advised claimant that as soon as the total costs had been finalized, the county would petition the court to reduce the advance payment by a corresponding amount and process a voucher for the balance.

By notice of motion dated August 30, 1983, claimant moved for an order directing entry of a judgment against the County of Suffolk, in the sum of $42,573, together with specified interest thereon, and directing payment of said judgment forthwith.

The county opposed such motion. The Assistant County Attorney submitted an affidavit from Robert Carballeira, the Principal Sanitary Engineer in charge of Operations and Maintenance for the Southwest Sewer District, and averred that since the June 27, 1983 order was issued the cost of repairing portions of the system acquired in this condemnation proceeding totaled $26,300, that this figure would increase as additional house connections to the system were effectuated, and that these items of repair diminished the value of the system acquired by condemnation in the amount of at least $26,300, as evidenced by the engineer's affidavit. The Assistant County Attorney further asserted that, since the house connection phase of the project only began with the acquisition of the necessary sewer easement and preexisting lateral sewer lines, it would be irresponsible, illogical; illegal and inappropriate for the municipality to pay damages for an advance payment in excess of the actual value of the system acquired. Therefore, the county cross-applied for an order dismissing claimant's enforcement motion or, in the alternative, for an order permitting it to either deposit with the County Treasurer the amount of $42,573, plus specified interest, or offset the advance payment of $42,573 by the amount of $26,300.

On September 27, 1983, Special Term rendered a decision granting claimant's application for leave to enter a judgment against the County of Suffolk in the sum of $42,573 with interest at the rate of 9% per annum from October 26, 1982. A judgment was subsequently entered thereon and the condemnor appeals.

By order dated May 2, 1984, this court denied claimant's motion to vacate the appellant's automatic stay on condition that appellant pay to the claimant $16,273 with 9% interest within 30 days after service of a copy of the order. In its brief,

appellant states that, pursuant to that order, it paid respondent that portion of the originally offered advance payment which is not in dispute, to wit, $16,273.

Appellant argues on appeal that claimant's attempt to obtain an advance payment "in excess of the value of the interest acquired" is barred by the EDPL, that the advance payment must be offset by the amount of the newly discovered damages of the property acquired and that, until the dispute as to the value of the interest acquired can be resolved, the advance payment should be deposited with the court or the Suffolk County Treasurer.

In opposition, however, claimant argues, *inter alia*, that the June 27, 1983 order directing payment to it of $42,573, which was not appealed from, is the law of the case, that its cross motion leading to that order constituted a binding acceptance precluding the appellant from thereafter modifying its offer of advance payment, that the appellant has failed to present any evidence of an error or miscalculation of the type for which adjustment or revision of the advance payment written offer is allowed under EDPL 304 (F), that the appellant's revision was not supported by a further appraisal, and its cross application in opposition to claimant's enforcement motion was not a proper cross motion.

We conclude that the condemnor's original appraisal of $42,573 was subject to adjustment or revision prior to payment to reflect correction of an error or miscalculation (EDPL 304 [F]). Claimant's June 16, 1983 cross motion to compel appellant to pay $42,573 plus interest could not and did not create a binding commitment on the appellant to pay that amount in the face of later new evidence. Such new evidence, developed prior to payment and substantiated by an engineer's affidavit, showed that, due to newly discovered defects in the existing lateral sewer system and the appurtenances acquired in the subject condemnation, the value of the acquired property was diminished by at least $26,300. Accordingly, we find no merit to claimant's contention that its cross motion of June 16, 1983 and the resulting nonappealed order of June 27, 1983 bound appellant to pay $42,573 plus interest and precluded the appellant's cross application (*see, Plateis v Flax*, 54 AD2d 813) in opposition to claimant's enforcement motion of August 30, 1983 (*see, Brummer v State of New York*, 25 AD2d 245; *Murphy v State of New York*, 29 AD2d 81; *Cronk v State of New York*, 100 Misc 2d 680). The mandate of EDPL 303 is that the condemnor establish and offer "an amount which it believes to represent just compensation". At bar,

after the property was appraised for $42,573, but, before payment, evidence was adduced that the property was worth at least $26,300 less than the original appraisal. As was stated in *Matter of County of Nassau* (*Colony Beach Club of Lido*) (43 AD2d 45, 48, *affd* 39 NY2d 958): "A condemnation proceeding is not a private litigation. There is a constitutional mandate upon the court to give just and fair compensation for any property taken. This means 'just' to the claimant and 'just' to the people who are required to pay for it."

Under the circumstances, the judgment under review should be modified to the extent (1) of reducing the award to claimant to $16,273 (the undisputed amount) with 9% interest from October 26, 1982; (2) appellant is to be credited with the amount paid claimant pursuant to the May 2, 1984 interim order made by this court; and (3) the balance of $26,300 plus 9% interest from October 26, 1982, is to be deposited by the appellant with the Treasurer of the County of Suffolk, subject to the ultimate judicial determination of the condemnation damages to be awarded to claimant. Mangano, J. P., Gibbons, Bracken and Kunzeman, JJ., concur.