67 N.Y.2d 1029 (1986)
Yonkers City Post No. 1666, Veterans of Foreign Wars of the United States, Inc., Respondent-Appellant,
v.
Josanth Realty Corporation, Defendant, Josephine Bottiglieri, as Executrix of Joseph Bottiglieri, Appellant-Respondent, and Metropolitan Title Guarantee Co. et al., Respondents.
Court of Appeals of the State of New York.
Argued April 29, 1986.
Decided May 29, 1986.
Morton N. Wekstein for appellant-respondent.
Robert I. Eber for respondent-appellant.
Matthew Dollinger for respondents.
Chief Judge WACHTLER and Judges MEYER, SIMONS, KAYE, ALEXANDER, TITONE and HANCOCK, JR., concur.
*1030 Memorandum.
The order of the Appellate Division should be reversed, with costs, and the case remitted to it for further proceedings. Defendant Bottiglieri's appeal should be dismissed upon the ground that he is not aggrieved by the modification at the Appellate Division (CPLR former 5601 [a] [iii]; Mulligan v Wetchler, 30 N.Y.2d 951, dismissing appeal from 39 AD2d 102).
The dispute in this case involves a 100-by-100-foot parcel of property located on Yonkers Avenue in Yonkers, New York, which plaintiff purchased from defendant Josanth Realty Corporation in 1974. Plaintiff subsequently commenced this action against Josanth, its president (Bottiglieri) and its title insurance companies when it learned that it did not have clear title to the land described because in 1971 the State of New York had acquired a 1,488-square-foot portion of the parcel in fee and an additional 724-square-foot permanent *1031 easement in the remaining property from Josanth for the sum of $46,000. The courts below awarded plaintiff judgment against defendants for breach of the covenant against encumbrances contained in the deed and for breach of the warranty of title found in his policy of title insurance.
At the trial, plaintiff presented expert and documentary evidence of the before and after values of the property and the damages resulting from the defect. Defendants offered no evidence on damages and the only other evidence of value was the 1974 sale price and the State's 1971 appropriation payment.
In making its award, the trial court apparently determined damages by multiplying the number of square feet involved by a square-foot value established by one of the expert's comparables for an award of $19,800 and added an additional sum of $10,000 because the taking made the remaining land "less marketable". The Appellate Division, finding no basis in the record for the $10,000 item of damages, modified the award by striking it. The court confirmed the $19,800 and modified the award of interest by calculating it from the earlier date of transfer.
The general rule is that damages for a breach of covenant against encumbrances or a breach of a warranty of title are measured by subtracting the value of the property after the defect is discovered from its value before the defect existed (Smirlock Realty Corp. v Title Guar. Co., 97 AD2d 208, 222, affd 63 N.Y.2d 955; see also, Acme Theatres v State of New York, 26 N.Y.2d 385; Diocese of Buffalo v State of New York, 24 N.Y.2d 320). It appears that the courts ignored this rule and compensated plaintiff solely by granting direct damages for the property taken. Although the trial court's additional award of $10,000 may have been an attempt to award consequential damages, that is not clearly so and in any event the award is not related to the evidence in the record.
Plaintiff contends that the courts below did not specifically reject its evidence and therefore they were bound to award the valuations and damages to which he testified. It is well established that even if only one party presents valid evidence on valuation the court need not accept that opinion if it provides a sufficient explanation for its decision and there is other evidence in the record to support the court's determination (Lawyers Co-op. Pub. Co. v State of New York, 39 N.Y.2d 760, affg on opn at 47 AD2d 122, 124; Matter of City of New York [A. & W. Realty Corp.], 1 N.Y.2d 428, 432-433; *1032 Matter of Rochester Urban Renewal Agency v Phillips, 60 AD2d 752, 753). In the case before us both courts below failed to explain why they departed from the values offered by plaintiff's expert or how they arrived at the measure of damages awarded. That they failed to do so "does not necessarily mean that adequate reasons for such a deviation do not exist" (Vic's Automotive Servs. v State of New York, 91 AD2d 1115, 1116) but the case must be remitted to the Appellate Division for consideration of the facts and an explanation of how the damages have been ascertained when the proper rules for establishing damages are applied or for such further action on the record as it deems warranted.
On plaintiff's appeal, order reversed, with costs, and case remitted to the Appellate Division, Second Department, for further proceedings in accordance with the memorandum herein. Appeal by defendant Bottiglieri dismissed.