█ In the Matter of CITY OF GLEN COVE INDUSTRIAL DEVELOP-MENT AGENCY, Respondent, v JOHN DOXEY, Respondent, and 10 GARVIES POINT ROAD CORPORATION, Appellant. [915 NYS2d 95]—

In a condemnation proceeding, 10 Garvies Point Road Corporation appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County (McCabe, J.), dated July 6, 2009, as, in effect, denied its cross motion for disclosure pursuant to CPLR 408, and granted those branches of the petitioner's motion which were for leave to deposit an advance payment pursuant to EDPL 304 (D) with the Nassau County Treasurer, and directed it to quit the subject premises within 15 days of the mailing of notice that the advance payment was deposited.

Ordered that the order is modified, on the law, by deleting the provision thereof directing 10 Garvies Point Road Corporation to quit the premises within 15 days of the mailing of notice that the petitioner deposited an advance payment pursuant to EDPL 304 (D) with the Nassau County Treasurer; as so modified, the order is affirmed insofar as appealed from, with costs to the petitioner.

In a proceeding such as this, where disclosure is available only by leave of the court (*see* CPLR 408), the Supreme Court " 'has broad discretion in granting or denying disclosure' " (*see Matter of Grossman v McMahon*, 261 AD2d 54, 57 [1999], quoting *Matter of Town of Pleasant Val. v New York State Bd. of Real Prop. Servs.*, 253 AD2d 8, 16 [1999]; *see generally Matter of Shore*, 109 AD2d 842, 843 [1985]). Here, the Supreme Court did not improvidently exercise its discretion in denying the appellant's cross motion for disclosure, as the information sought was not material or necessary to its claims (*see Matter of Gen-*

*eral Elec. Co. v Macejka*, 117 AD2d 896, 897 [1986]; *Matter of Rice v Belfiore*, 15 Misc 3d 1105[A], 2007 NY Slip Op 50511[U] [2007]; *cf. Matter of Lonray, Inc. v Newhouse*, 229 AD2d 440, 441 [1996]). The demands that focus on contamination issues and remediation costs, and those that focus on past zoning violations, are not relevant to the valuation of the property (*see Matter of City of New York v Mobil Oil Corp.*, 12 AD3d 77, 82-83 [2004]; *Matter of City of Syracuse Indus. Dev. Agency [Alterm, Inc.]*, 20 AD3d 168, 171 [2005]). Moreover, any appraisal reports are only to be distributed after all such reports have been filed with the Clerk of the Supreme Court (*see* 22 NYCRR 202.59, 202.61).

Further, contrary to the appellant's contentions, the petitioner's offer of just compensation for the real property acquired was in compliance with the statutory requirements set forth in EDPL 304 (A) and, under the circumstances, the Supreme Court did not err in directing the advance payment to be deposited with the Nassau County Treasurer (*see e.g. Matter of Lateral Sewer 2005 of Southwest Sewer Dist. in County of Suffolk v Martin Constr. Corp.*, 113 AD2d 799, 803 [1985]). However, because injunctive relief is not a proper remedy to effect the removal of a condemnee from condemned property (*see* EDPL 405 [A]), the Supreme Court erred in directing the appellant to quit the premises within 15 days of the mailing of notice that an advance payment pursuant to EDPL 304 (D) had been deposited with the Nassau County Treasurer.

The appellant's remaining contentions are without merit. Covello, J.P., Florio, Eng and Chambers, JJ., concur. **[Prior Case History: 2009 NY Slip Op 31568(U).]**