| |
|---|
| **YH Lex Estates, LLC v HFZ Capital Group LLC** |
| 2024 NY Slip Op 33141(U) |
| September 9, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 155851/2023 |
| Judge: Joel M. Cohen |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK:  COMMERCIAL DIVISION PART 03M

----------------------------------------------------------------------------------X

YH LEX ESTATES, LLC,

                              Petitioner,

                        - v -

HFZ CAPITAL GROUP LLC,ZIEL FELDMAN, HELENE
FELDMAN, HFZ SHORE CLUB MANAGER LLC,SHORE
CLUB MEZZ HOLDER INVESTOR LLC,SC EQUITY
HOLDER LLC,EAST 68 PH SOLE MEMBER LLC,HFZ
BRYANT PARK MANAGER LLC,MC ASSET
MANAGEMENT (CORPORATE) LLC,MONROE CAPITAL
LLC,MONROE CAPITAL MANAGEMENT ADVISORS
LLC,76 ELEVENTH AVENUE PROPERTY OWNER
LLC,76 ELEVENTH AVENUE MEZZ A LLC,HFZ 76 11
MANAGER LLC,HFZ REAL ESTATE DEVELOPMENT
ASSOCIATES LLC,76 11TH LENDER LLC,XI
MEZZANINE LENDER LLC,WAM 76 11TH HOLDINGS
LLC,WM 11AVE INVESTOR LLC,XI SPECIAL PROJECT
MANAGEMENT LLC,HFZ CREDITORS TRUST, HFZ
CLAIMANT TRUST, EDWARD T. GAVIN

                              Respondents.

----------------------------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | 155851/2023 |
| **MOTION DATE** | 06/18/2024, 07/11/2024 |
| **MOTION SEQ. NO.** | 003 004 |

**DECISION + ORDER ON MOTION**

HON. JOEL M. COHEN:

The following e-filed documents, listed by NYSCEF document number (Motion 003) 70, 71, 72, 73, 74, 75, 76, 79, 80, 81, 82, 83, 84, 85, 86, 87, 97

were read on this motion to            COMPEL DISCOVERY          .

The following e-filed documents, listed by NYSCEF document number (Motion 004) 88, 89, 90, 91, 92, 93, 94, 95, 96, 98, 99

were read on this motion to            COMPEL DISCOVERY          .

      In this CPLR § 5225(a) and (b) proceeding, Petitioner/Judgment Creditor YH Lex Estates

LLC ("YH Lex") seeks the turnover of property held by Monroe Capital and certain HFZ Capital

Group affiliates, as well as amounts contractually owed by Monroe Capital to HFZ, or,

alternatively, to unwind the transfer or assignment by HFZ of virtually all their assets to Monroe

Capital for less than fair consideration.

**155851/2023   YH LEX ESTATES, LLC vs. HFZ CAPITAL GROUP LLC ET AL**
**Motion No.  003 004**

**Page 1 of 8**

In Mot. Seq. 003, YH Lex moves for an order, pursuant to CPLR § 3124, compelling the HFZ Respondents[1] and the Lender Respondents[2] to comply with YH Lex's First Request for Production ("RFP") (NYSCEF 72).

In Mot. Seq. 004, the Lender Respondents move for an order compelling Petitioner to produce documents concerning YH Lex's interests in the One High Line ("OHL") project that the Lender Defendants claim are relevant to YH Lex's claims and Lender Respondents' defenses.

For the following reasons, Petitioner's motion is granted in part, and the Lender Respondents' motion is granted in part.

## DISCUSSION

CPLR § 3101 requires "full disclosure of all matter material and necessary in the prosecution or defense of an action." "[T]he words 'material and necessary', are … to be interpreted liberally to require disclosure, upon request, of any facts bearing on the controversy which will assist preparation for trial by sharpening the issues and reducing delay and prolixity. The test is one of usefulness and reason" (*Allen v Crowell–Collier Pub. Co.*, 21 NY2d 403, 406 [1968]).

---

[1] Respondents HFZ Capital Group LLC, Ziel Feldman, Helene Feldman, individually and as Trustee, 76 Eleventh, Avenue Mezz A LLC, HFZ Shore Club Manager LLC, HFZ Bryant Park Manager LLC, HFZ 76 11 Manager LLC, HFZ Real Estate Development Associates LLC, and XI Special Project Management LLC (the "HFZ Respondents").

[2] Respondents MC Asset Management (Corporate) LLC, Monroe Capital LLC, Monroe Capital Management Advisors LLC, 76 Eleventh Avenue Property Owner, 76 11th Lender LLC, XI Mezzanine Lender LLC, WAM 76 11th Holdings LLC, WM 11Ave Investor LLC, HFZ Shore Club Manager LLC, Shore Club Mezz Holder Investor LLC, SC Equity Holder LLC, and East 68 PH Sole Member LLC (the "Lender Respondents").

**155851/2023   YH LEX ESTATES, LLC vs. HFZ CAPITAL GROUP LLC ET AL**                    **Page 2 of 8**
**Motion No.  003 004**

2 of 8

[* 2]

**Mot. Seq. 003**

"In a special proceeding, where disclosure is available only by leave of the court (*see* CPLR 408), the Supreme Court has broad discretion in granting or denying disclosure (*see Matter of City of Glen Cove Indus. Dev. Agency v Doxey*, 79 AD3d 1038 [2010]). Here, Petitioner previously filed a motion for leave to take discovery pursuant to CPLR §§ 408, 3120, and 3124 and to compel production of certain documents (Mot. Seq. 002). On April 3, 2024, this Court entered an Order granting leave to take discovery, but denied the motion to compel as premature (NYSCEF 65) and directed YH Lex to tailor its requests to be more targeted to what is at issue in this action (NYSCEF 67 [Tr.] at 62). Since that time, the parties have met and conferred on Petitioner's requests, but have been unable to reach agreement with respect to 11 of the remaining 24 requests set forth in the disputed RFPs (specifically, RFPs 1-2, 7, 10, 14-15, 17-19, and 21-22). The Court will address those RFPs below:

First, as to **Request No. 1 and 7** (*nonprivileged documents and communications relating to the December 2020 Settlement Agreement from January 1, 2020 to present and the November 2021 Settlement Agreement from September 2021 to present*), the Court agrees with the HFZ Respondents' proposal to limit production to documents and communications from August 1, 2020 through December 31, 2022. As the parties note, the Court previously observed that "overly rigid time restrictions" could be problematic (Tr. at 45:20-22), but "[a]t the same time, seeking every document that might just be transactional in nature which could be said to relate back is too much . . . .The question and the art of all this is finding a way through search terms or other ways to not make it ridiculous…" (Tr. at 45:24-46:5). HFZ Respondents' proposed time period predates the negotiation of the Settlement Agreements, but still captures responsive documents over two years after the Settlement Agreement's execution. This is, in the Court's

**155851/2023   YH LEX ESTATES, LLC vs. HFZ CAPITAL GROUP LLC ET AL**
**Motion No.  003 004**

**Page 3 of 8**

3 of 8

[* 3]

view, a reasonable time limitation.  If information gleaned from that discovery reasonably suggests that a broader search is necessary, YH Lex may seek a revision to this order.

As to **Request No. 2** (*documents from September 1, 2020 to September 1, 2023 that show the value of the properties assigned to Monroe Capital per the December 2020 Settlement Agreement, including, for example, asset underwriting documents*), YH Lex has agreed to narrow the time frame from September 1, 2020 (several months prior to the Settlement Agreement) to December 31, 2022.  The Court finds this time frame appropriate.

As to **Request No. 10** (*documents and communications concerning or relating to Brownfield tax credits and their value concerning or relating to 76 Eleventh*), the Respondents are directed to produce "documents sufficient to show" the value of such credits as well as communications concerning the credits.

As to **Request No. 14** (*documents and communications concerning XISPM, including formation, ownership, work performed, fees generated and tax information*), the HFZ Respondents informed YH Lex that they had produced documents concerning the payments that XISP received under the November 2021 Settlement Agreement, and requested that YH Lex narrow any additional information it needed (NYSCEF 75).  In response, YH Lex informed HFZ Respondents that subject to the identification of such documents, it would consider this Request to not be the subject of disagreement (*id.*).  Despite this agreement, YH Lex still seeks to compel the entirety of Request No. 14.

However, YH Lex has failed to demonstrate why it needs such broad discovery on XISP. HFZ Respondents' counsel did not, as YH Lex suggests, represent during oral argument on Mot. Seq. 002 that "payments to XISPM were intended to compensate the Feldmans, and their professionals, for services performed or to be performed in connection with the XI" (*see*

**155851/2023   YH LEX ESTATES, LLC vs. HFZ CAPITAL GROUP LLC ET AL**
**Motion No.  003 004**

**Page 4 of 8**

4 of 8

[* 4]

NYSCEF 76 at 16). Instead, HFZ Respondents' counsel said that "[t]he sole purpose of [XISP] was for authorizing payments to staff providing transition services and professionals and other costs involved in the transition services with respect to the XI and preserving value for creditors, and the Creditor Trust. *Nothing went to the Feldmans* (NYSCEF 67 at 50:5-10 [emphasis added]).

YH Lex further argues that XISP is a sham entity meant to divert assets of HFZ and Feldman through Monroe Capital and back to HFZ and Feldman. But YH Lex does not simply request discovery sufficient to show XISP's ownership structure to demonstrate that it is not owned or controlled by the judgment debtors, but rather discovery into XISP's existence, including all its work performed, services provided, and monies received or paid. Accordingly, this request is limited to what YH Lex agreed to accept from HFZ Respondents (NYSCEF 75).

As to **Request No. 15** (*documents and communications concerning the Trust, including formation, beneficiaries, participants, etc.*), any non-privileged documents and communications concerning the formation and beneficiaries of the Trust should be produced. However, discussions between counsel for HFZ and Feldman, and the Trustee, and creditors who have joined (or may potentially join) the Trust appear to be confidential settlement discussions and the Court does not see the relevance of this information at this time.

As to **Request No. 17, 18, and 19** (*communications between HFZ, Monroe, and Witkoff, including internal communications, concerning YH, the lawsuit, and the judgments, and communications between HFZ and Witkoff concerning YH, the lawsuit, and judgments, and including internal communications, and Communications between Monroe and Witkoff concerning YH, the lawsuit, and judgments, and including internal communications*), this request is limited to November 1, 2020 to June 3, 2022, when this proceeding was filed. The HFZ

**155851/2023   YH LEX ESTATES, LLC vs. HFZ CAPITAL GROUP LLC ET AL**
**Motion No.  003 004**

**Page 5 of 8**

5 of 8

[* 5]

Respondents are directed to produce a privilege log if any documents will be withheld on that basis. As to **Request No. 21** (*executed agreements and drafts thereof between HFZ and Monroe*), these documents should be produced unless they reflect privileged communications. Drafts exchanged between contracting parties generally are not privileged.

As to **Request No. 22** (*most recent financial statements showing the value of assets and properties assigned to Monroe pursuant to the Dec 2020 Settlement Agreement and 76 Eleventh*), as a judgment creditor, YH has a right to seek such information from any third-parties who may be holding property (whether for current or future payment) on behalf of the judgment debtor. These documents should be produced.

## Mot. Seq. 004

In Mot. Seq. 004, Lender Respondents seek documents regarding (1) YH Lex's affiliate's $10 million interest in one of the UCC foreclosures that YH Lex has disputed here—the One High Line Project (when it was referred to as the XI) —and; (2) YH Lex's 2019/2020 communications with HFZ concerning YH Lex and HFZ's attempted workout of its distressed debt. The Lender Respondents argue that the documents are relevant to (1) YH Lex's allegations regarding the value of the One High Line Project and its disposition at a public UCC sale, and to (2) YH Lex's allegations that Monroe's efforts to work out its own distressed debt position was an "actual fraud." The present motion concerns Requests Nos. 1, 4, 5, 8, 12, and 13 (NYSCEF 90). The Court will address these RFPs below:

As to **Requests No. 1 and 8** (*all communications concerning Yoav Harlap's direct or indirect interests in the OHL Project from January 1, 2020 to the present and Document sufficient to show YH's interests in the XI Project prior to foreclosure and the value of YH's interest in the XI Project at the time of foreclosure*), these requests are overbroad and of minimal

**155851/2023  YH LEX ESTATES, LLC vs. HFZ CAPITAL GROUP LLC ET AL**
**Motion No.  003 004**

**Page 6 of 8**

6 of 8

[* 6]

relevance, given that they do not involve Petitioner YH Lex, but rather an affiliate, YH Estates.[3] While the Lender Respondents argue that YH Lex has opened the door to its OHL diligence materials by challenging the disposition of the OHL collateral, YH Lex is not disputing the disposition of the OHL collateral based on YH Estates' equity interest in such collateral. The Court fails to see why Harlap's actions or lack of action with respect to the OHL UCC sale are relevant to Lender Respondents' claims and/or laches, estoppel, and ratification defenses. Even if YH Estates failed to object to the foreclosure, that does not mean that YH Lex cannot bring claims based on an entirely different theory and action. Thus, the motion to compel with request to Requests No. 1 and 8 is denied.

As to ***Requests No. 4,5, 12, and 13*** (*all Documents and Communications concerning due diligence YH Lex conducted in relation to their loans to HFZ that served as the basis for the YH Lex Loans and all Documents and Communications concerning HFZ's default of the YH Lex Loans and all Communications or documents concerning any payments made in satisfaction of the Judgment and all Communications or Documents concerning payments that YH Lex received from HFZ, other HFZ creditors and/or HFZ investors, including but not limited to, any payments YH Lex received from HFZ, George Economou and/or Benny Steinmetz*), the Lender Respondents argue that these documents are relevant to rebut YH Lex's allegation of actual fraud as YH Lex's documents concerning HFZ's workout payments to YH Lex would tend to show that YH Lex and HFZ discussed Monroe's loans in the payment workout discussions (including whether the payments to YH Lex violated the Monroe loans). Such communications could be relevant to any actual-intent fraudulent transfer claims and are also relevant to whether YH Lex

---

[3] YH Lex Estates and YH Estates share a common (indirect) beneficial owner, Yoav Harlap.

**155851/2023   YH LEX ESTATES, LLC vs. HFZ CAPITAL GROUP LLC ET AL                          Page 7 of 8**
  **Motion No.  003 004**

[* 7]

knew about Lender Respondents' loan positions.  Accordingly, YH Lex is directed to produce documents responsive to requests 4, 5, and 13.  As to Request 12, YH Lex submits that YH already agreed to search for documents responsive to RFP 12 as narrowed by the Lender Respondents during the meet and confer process.  The Court directs to YH Lex to produce documents responsive to Request No. 12, as narrowed.

Accordingly, it is

**ORDERED** that Petitioner's Motion to Compel Discovery (Mot. Seq. 003) is **GRANTED IN PART**; it is further

**ORDERED** that the Lender Respondents' Motion to Compel Discovery (Mot. Seq. 004) is **GRANTED IN PART**.

20240909160055JMCOHEN4D7AFEF411894B61B93DB2A17C6A697D

**9/9/2024**
**DATE**

**JOEL M. COHEN, J.S.C.**

| CHECK ONE: | | CASE DISPOSED | | | X | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|---|
| | | GRANTED | | DENIED | X | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | | FIDUCIARY APPOINTMENT | | REFERENCE |

**155851/2023   YH LEX ESTATES, LLC vs. HFZ CAPITAL GROUP LLC ET AL**
**Motion No.  003 004**

**Page 8 of 8**

8 of 8

[* 8]