■ IRENE SATALINE, Respondent, v AGREK ENTERPRISES, INC., Doing Business as GREENTREE COFFEE HOUSE, et al., Appellants.—Order of the Supreme Court, New York County (Irma Vidal Santaella, J.), entered on August 17, 1990, which denied defendants' motion pursuant to CPLR 3212 for summary judgment dismissing the complaint, is unanimously reversed on the law and the motion granted, without costs or disbursements. The Clerk is directed to enter judgment in favor of defendants dismissing the complaint.

Plaintiff Irene Sataline, then seventy-nine years old, was leaving the premises of defendant Greentree Coffee House on November 19, 1988 when she purportedly slipped and fell on a stairway leading to the promenade in defendant Rockefeller Center, Inc., sustaining certain physical injuries. The complaint itself, nonetheless, fails to describe the cause of this mishap but simply recites in a general manner that the accident occurred as a result of defendants' negligence. The ensuing bill of particulars states that the stairway in question was excessively slippery, yet does not specify the substance or defect which created the supposedly hazardous and unsafe condition. In addition, plaintiff urges without elaboration that defendant knew, or should have known, of the danger at least twenty-four hours in advance of the incident. At her examination before trial, plaintiff asserted that she was standing still on the crowded stairway, and someone brushed up against her from behind, causing her to fall down the stairs. Prior to this contact, she was unaware that the stairs were slippery, and she did not observe anything that made them slippery. Moreover, plaintiff heard two girls who were eating in the restaurant scream out that she was shoved off the top step. In her affidavit in opposition to defendants' motion pursuant to CPLR 3212 for summary judgment dismissing the complaint, plaintiff asserts the following:

"I did not notice the condition of the stairs prior to proceeding toward the stairs, in that I was facing forward as I ordinarily do when walking.

"It was about the same time I was bumped, which bump caused me to lose my balance, and the slippery condition of the stairs caused me to fall.

"As a result of the slippery condition of the stairs, I fell. After I fell, I noticed my clothes were wet. The staircase was near the rest rooms which may account for the slippery condition of the stairs and two girls were sitting on the floor nearby eating and drinking.

"I would not have fallen had the stairs not been slippery as I would have been able to regain my balance."

It is, further, plaintiff's contention that where, as herein, it is impossible to attribute the accident to one factor exclusively, it is a question of fact as to what was the primary reason for the fall, as well as the combination of elements responsible for the accident. However, of the two alleged causal factors, neither was cited in the complaint; one (the slippery stairs) was mentioned in the bill of particulars, while

the second (the push from behind) did not appear until the examination before trial. Indeed, to some extent, plaintiff's testimony contradicted her original position that she slipped on the stairs and, instead, indicates that she was pushed by some unidentified person. Then, finally, in her affidavit in opposition to defendants' motion, she attempts to reconcile the two versions by stating that she fell because the slippery condition (now assumed to be due to water) made her trip and lose her balance after she was pushed. Thus, other than plaintiff's belated speculation that the stairs were wet as a result of their proximity to the bathrooms, thereby rendering them slippery, there is simply no evidence, in fact not even a claim, to suggest the existence of a defective condition such as would present a question of fact sufficient to avoid summary judgment dismissal, much less is there any indication that defendants may have created the hazardous condition, whatever it was, or had a reasonable opportunity to remedy the situation (see, Torri v Big V, 147 AD2d 743). Concur—Murphy, P. J., Milonas, Ellerin, Wallach and Kassal, JJ.