■ Rose L. Truesdell et al., Respondents, v Rite Aid of New York, Inc., Appellant. [644 NYS2d 428] —Casey, J.

Plaintiffs commenced this action to recover damages which arise out of injuries sustained by plaintiff Rose L. Truesdell (hereinafter plaintiff) when she tripped and fell in a parking lot owned and maintained by defendant. According to plaintiff, she fell because her sneaker caught in a hole that was part of a crack in the parking lot. After joinder of issue and completion of discovery, defendant moved for summary judgment dismissing the complaint based upon the absence of notice of the defect. Supreme Court denied the motion, resulting in this appeal by defendant.

We conclude that defendant met its initial burden as the proponent of the motion for summary judgment (*see, Zuckerman v City of New York*, 49 NY2d 557, 562). The manager of defendant's store at the time of plaintiff's accident testified that the parking lot was in "fairly good" condition, that he did not recall seeing any potholes in the parking lot, and that there had been no complaints about the condition of the parking lot. Plaintiff testified that she had walked through the parking lot many times prior to her fall, as it was her usual way to and from work, and had not seen the defect. In these circumstances, plaintiff was required to come forward with evidence sufficient to create a question of fact on the issue of actual or constructive notice (*see, Torri v Big V of Kingston*, 147 AD2d 743).

Plaintiff does not claim that defendant had actual notice of the defect, but relies on the settled rule that "photographs may be used to prove constructive notice of an alleged defect shown in the photographs if they were taken reasonably close to the time of the accident and there is testimony that the condition at the time of the accident was substantially as shown in the photographs" (*Kniffin v Thruway Food Mkts.*, 177 AD2d 920, 921; *see, Batton v Elghanayan*, 43 NY2d 898). The photographs upon which plaintiff relies in this case were taken at least six weeks after plaintiff's fall and, more importantly, there is no evidence in the record to establish that the condition at the time of plaintiff's fall was substantially as shown in the photographs. When plaintiff was asked, "At the time that you took those photos, had the area where you fell and the area that is depicted on those photos changed any from the day that you fell?", plaintiff responded, "I can't remember." There is no other relevant evidence on the issue. In the absence of the necessary evidence to authenticate the photographs, they are not admissible evidence (*see, Leven v Tallis Dept. Store*, 178 AD2d 466) and, therefore, the record does not contain evidentiary proof in admissible form to demonstrate a question of fact on the issue of constructive notice.

Mercure, J. P., White, Peters and Spain, JJ., concur. Ordered that the order is reversed, on the law, with costs, motion granted and complaint dismissed.