■ NORA GALGAN et al., Appellants, v ALLIED STATEN ISLAND COMPANY et al., Respondents. [670 NYS2d 515] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Queens County (Golar, J.), dated December 2, 1996, which granted the separate motions of the defendants Allied Staten Island Company and Waldbaums Supermarket No. 672 for summary judgment dismissing the complaint and all cross claims insofar as asserted against them.

Ordered that the order is affirmed, with one bill of costs.

The plaintiff Nora Galgan allegedly slipped and fell when, while loading groceries into her car, she stepped from the curb onto the parking lot in front of the defendant Waldbaums Supermarket No. 672 (hereinafter Waldbaums). The defendant Allied Staten Island Company (hereinafter Allied) owns the premises, which it leased to Waldbaums, and the parking lot. The Supreme Court properly granted the defendants' separate motions for summary judgment.

In a slip and fall case, where there is no indication in the record that the defendant created the defective condition or had actual knowledge of it, the plaintiff must prove constructive notice (*Lewis v Metropolitan Transp. Auth.,* 99 AD2d 246, *affd* 64 NY2d 670). "To constitute constructive notice, a defect must be visible and apparent and it must exist for a sufficient length of time prior to the accident to permit defendant's employees to discover and remedy it" (*Gordon v American Museum of Natural History,* 67 NY2d 836, 837).

At bar, the plaintiffs failed to prove the existence of a visible and apparent defect or that the defect existed for a sufficient length of time in order for the defendants' employees to discover and remedy it (*see, Gordon v American Museum of Natural History, supra*).

In her deposition, when asked if she noticed anything that could have caused her fall, Galgan testified, "There was something, a mark there or something". When asked to specifically describe what she meant by a "mark", Galgan could not describe it, nor did she have any other idea or information as to what caused her to fall that day. Although she also mentioned noticing some small holes in the pavement, she could not state whether her foot came into contact with the holes, or even how far the closest hole was to where she fell.

Moreover, Waldbaums' assistant manager, Charles Cusumano, who assisted Galgan after her fall, testified in his deposition that at the time of the accident Galgan told him she thought she fell because her ankle gave out. Cusumano also testified that he observed the parking lot at the time of the accident and saw no defects. The plaintiffs proffered the affidavit of a Dorcas Rudiger, Galgan's friend who was with her at the time of the accident, but Rudiger's assertion that Galgan fell due to oil was speculative, at best.

In addition, even if there did exist a visible and apparent defect, the plaintiffs failed to produce sufficient evidence that the defect existed for a sufficient time prior to Galgan's fall for the defendants' employees to discover and remedy it (*see, Gordon v American Museum of Natural History, supra; Lewis v Metropolitan Transp. Auth., supra*).

Accordingly, as a matter of law, the plaintiffs failed to rebut the defendants' showing that they had neither actual nor constructive notice of the alleged defect and summary judgment was properly granted to the defendants.

Summary judgment was properly granted to Waldbaums for the additional reason that pursuant to its lease with Allied, it had no control of, or duty to maintain or repair, the parking lot. Thus, Waldbaums cannot be held liable for the injuries caused by the alleged dangerous or defective condition of the property (*see, Dunn v Reardon,* 184 AD2d 1064; *Shire v Ferdinando,* 161 AD2d 573). Thompson, J. P., Sullivan, Florio and McGinity, JJ., concur.