■ PHYLLIMENA FOLEY, as Administrator of the Estate of PHYLLIMENA HOWARD, Also Known as PHYLLIS HOWARD, Deceased, Respondent, v GOLUB CORPORATION, Doing Business as PRICE CHOPPER, et al., Appellants. [676 NYS2d 308] —Peters, J. Appeal from an order of the Supreme Court (Harris, J.), entered May 27, 1997 in Albany County, which denied defendants' motions for summary judgment dismissing the complaint.

Pursuant to bus service provided to senior citizens by defendant Golub Corporation doing business as Price Chopper,

plaintiff boarded a bus operated by defendant Brown Coach, Inc. for a shuttle to a Price Chopper supermarket. After purchasing her groceries, she stood on the sidewalk next to the bus, with approximately six other senior citizens, while the driver, Kathy Fuller, loaded her bags into the cargo bays. As Fuller was loading the groceries, she heard someone yell "catch her," causing her to turn and observe plaintiff lying on the ground.

There were numerous conflicting explanations for plaintiff's fall. As told to Fuller who did not witness the fall, plaintiff "stepped off the side of the curb", "she was pushing to get first [on line]" and "she got her foot stuck in the paint" which had been applied to the curb bordering the parking lot shortly before the incident. According to plaintiff's written statement dated August 26, 1992, she was standing in line when "someone from behind bumped me and I lost my balance on the incline and fell". At no time had she mentioned slipping on wet paint.

As a result of her injuries, plaintiff commenced this action against Golub and Brown for negligence, alleging that she was bumped from behind by patrons of Price Chopper. Golub's negligence was predicated upon a failure to "exercise any form of control or restraint over its patrons", and in response to demands for a bill of particulars, *inter alia*, to properly supervise and maintain pedestrian traffic in its parking lots and on its premises and/or provide and supervise a proper area where elderly patrons could assemble and board its shuttle. With respect to Brown, it was alleged that there was a failure to provide a safe place for patrons to board and exit its vehicle and to supervise the area where it forced its patrons to assemble.

Brown's and Golub's motions for summary judgment were denied by Supreme Court. A question of fact was found to exist as to whether the allegedly wet paint and circumstances surrounding such activity constituted a dangerous condition which Golub created or had notice of. With respect to Brown, the court again focused on the painting activity purportedly occurring on the date of the accident, and found a question of fact as to whether Brown provided a reasonably safe entrance onto its vehicle. Defendants appeal.

We find that Supreme Court erred in denying summary judgment. It is well settled that " ' "[l]iability for a dangerous condition on property is predicated upon occupancy, ownership, control or a special use of [the] premises" ' " (*Brown v Congel*, 241 AD2d 880, 881, quoting *Masterson v Knox*, 233 AD2d 549,

550, quoting *Balsam v Delma Eng'g Corp.*, 139 AD2d 292, 296, *lv dismissed and denied* 73 NY2d 783), and that "[t]he existence of one or more of these elements is sufficient to give rise to a duty to exercise reasonable care" (*Turrisi v Ponderosa Inc.*, 179 AD2d 956, 957). Notwithstanding the fact that Golub leased the building in which Price Chopper was situated from Bella Vista Development Corporation, who agreed in its lease to provide general maintenance of the exterior common areas, and further acknowledging that Golub's occupancy and/or control of the outside area might have given rise to a duty despite such lease provision, Golub's proffer of the deposition testimony of its assistant store manager and Fuller indicated that these senior citizens, including plaintiff, were not directed to any particular area to board the shuttle bus service. Hence, based upon plaintiff's own allegations, as culled from her complaint and as amplified by her bill of particulars that the accident was caused by an unknown individual pushing her: "there is simply no evidence, in fact not even a claim, to suggest the existence of a defective condition such as would present a question of fact sufficient to avoid summary judgment dismissal, much less is there any indication that defendants may have created the hazardous condition, whatever it was, or had a reasonable opportunity to remedy the situation" (*Sataline v Agrek Enters.*, 173 AD2d 227, 229).

Despite no such allegation in plaintiff's written statement, her complaint or in the bill of particulars, plaintiff offered, in response to the summary judgment motions, Fuller's deposition testimony describing the painting activity and alleged that paint was observed on the bottom of plaintiff's shoe after her fall. Nonetheless, upon our review of this record, we find no allegation, supported by admissible evidence or the proffer of an explanation for a failure to submit such evidence, that such fall was caused by a slip on a freshly painted surface. In finding "mere conclusions, expressions of hope or unsubstantiated allegations or assertions * * * insufficient" (*Zuckerman v City of New York*, 49 NY2d 557, 562) to defeat a motion for summary judgment, Golub's motion should have been granted.

As to the denial of Brown's motion for summary judgment, it is clear that a duty was imposed upon it to provide a safe place for its patrons to board and exit its vehicle (*see, Miller v Fernan*, 73 NY2d 844; *Connolly v Rogers*, 195 AD2d 649). In seeking dismissal, Brown proffered deposition testimony indicating that plaintiff and the others were free to assemble wherever they chose. Notwithstanding plaintiff's submission of evidence that due to the painting, Brown was forced to park further

away from the curb than it had typically done and that the paint on such curb could have still been wet, there was no evidence submitted indicating that the location of the bus jeopardized the requisite safe path. Since "the mere happening of [an] accident does not establish liability on the part of [a] defendant * * * plaintiff was required to connect her injury to a breach of duty by defendant and to show that defendant's acts were 'a substantial cause of the events which produced the injury'" (*Russell v Hepburn Hosp.*, 173 AD2d 985, 986-987, quoting *Derdiarian v Felix Contr. Corp.*, 51 NY2d 308, 315 [citations omitted]). With only speculation proffered as to how Brown may have breached its duty, Brown's motion for summary judgment should have been granted (*see, Zuckerman v City of New York, supra*).

Accordingly, we hereby reverse Supreme Court's order in its entirety and dismiss this complaint.

Cardona, P. J., White, Carpinello and Graffeo, JJ., concur. Ordered that the order is reversed, on the law, with one bill of costs, motions granted, summary judgment awarded to defendants and complaint dismissed.