■ Kostatinos Kantlis, an Infant, by His Mother and Natural Guardian, Georgia Kantlis, et al., Appellants, v 31-08 Cafe Concherto, Inc., Doing Business as Cafe Concherto, Respondent. [724 NYS2d 327] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Queens County (Schulman, J.), dated June 20, 2000, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the motion is denied, and the complaint is reinstated.

It is well settled that a plaintiff in a slip-and-fall case must demonstrate that the defendant created the dangerous condition which caused the accident, or had actual or constructive notice of that condition and failed to remedy it within a reasonable time (see, Gordon v American Museum of Natural History, 67 NY2d 836; Bernard v Waldbaum, Inc., 232 AD2d 596; Gordon v Waldbaum, Inc., 231 AD2d 673). "To constitute constructive notice, a defect must be visible and apparent and it must exist for a sufficient length of time prior to the accident to permit defendant's employees to discover and remedy it" (Gordon v American Museum of Natural History, supra, at 837).

Here, the Supreme Court erred in granting the defendant's

motion for summary judgment dismissing the complaint. Although the defendant made a prima facie showing of entitlement to summary judgment, the plaintiffs presented sufficient evidentiary proof to show the existence of a triable issue of fact as to whether the dangerous condition which caused the injured plaintiff's fall existed for a sufficient length of time before the accident to permit the defendant's employees to discover and remedy it (*see, Fundaro v City of New York,* 272 AD2d 516; *Giambrone v New York Yankees,* 181 AD2d 547; *see generally, Alvarez v Prospect Hosp.,* 68 NY2d 320). Bracken, P. J., Friedmann, Florio, H. Miller and Townes, JJ., concur.