■ Henry Backer, Appellant, v Central Parking Systems et al., Respondents. [739 NYS2d 404] —In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Queens County (Satterfield, J.), dated April 4, 2001, as granted that branch of the cross motion of the defendants Central Parking Systems and Mardoehe Duffault which was for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the cross motion is denied, and the com-

plaint and all cross claims insofar as asserted against those defendants are reinstated.

On August 19, 1998, the plaintiff was injured when he slipped and fell on an oil spot on the driveway of a parking garage operated by the defendant Central Parking Systems (hereinafter CPS) and at which its employee, the defendant Mardoehe Duffault, worked. The CPS defendants presented evidence tending to prove that a truck owned by another entity left the oil spot on the driveway approximately 30 minutes before the accident. The plaintiff commenced this action against the CPS defendants and other entities. The CPS defendants successfully cross-moved for summary judgment dismissing the complaint on the ground that they neither created nor had notice of the condition. We reverse the order insofar as appealed from.

To hold a possessor of property liable for a dangerous or defective condition on that property, a plaintiff must prove that the possessor created the condition or had actual or constructive notice of it and a reasonable time within which to remedy it (*see, Moss v JNK Capital,* 211 AD2d 769, *affd* 85 NY2d 1005). Here, the CPS defendants sufficiently demonstrated that they did not create the oil spot and did not have actual notice of it. However, an issue of fact exists regarding whether they had constructive notice of the condition (*see, Fox v Kamal Corp.,* 271 AD2d 485). The evidence that the oil spot was visible and apparent on the driveway for at least a half hour before the accident and that Duffault checked the driveway every half hour as part of his maintenance duties demonstrated the existence of a triable issue of fact regarding whether the oil spot existed for a sufficient length of time for the CPS defendants to discover and remedy it (*see, Huth v Allied Maintenance Corp.,* 143 AD2d 634, 636; *see also, Rose v Da Ecib USA,* 259 AD2d 258, 260; *Gordon v Waldbaum, Inc.,* 231 AD2d 673, 674). Accordingly, the cross motion of the CPS defendants for summary judgment should have been denied (*see, Kantlis v 31-08 Café Concherto,* 282 AD2d 713). Altman, J.P., Adams, Townes and Crane, JJ., concur.