■ PATRICK E. YOUNG, JR., Appellant, v AI GUO CHEN et al., Respondents. [742 NYS2d 341] —In an action to recover damages for personal injuries, the plaintiff appeals (1), as limited by his brief, from so much of an order of the Supreme Court, Queens County (Price, J.), dated November 15, 2000, as granted the motion of the defendants Ai Guo Chen and Kai Leung Li, individually and doing business as Wing Luck Chinese Kitchen, and Yong Qing Wang, individually and doing business as Wing Luck Chinese Kitchen, for summary judgment dismissing the complaint insofar as asserted against them, and that branch of the separate motion of the defendant Pantelis Zioulis which was for summary judgment dismissing the complaint insofar as asserted against him, and (2) from an order of the same court, dated February 16, 2001, which denied his motion for leave to renew.

Ordered that the order dated November 15, 2000, is affirmed insofar as appealed from; and it is further,

Ordered that the order dated February 16, 2001, is affirmed; and it is further,

Ordered that one bill of costs is awarded to the respondents appearing separately and filing separate briefs.

In their motions for summary judgment, the defendants made a prima facie showing of entitlement to judgment as a matter of law, since the evidence indicated that they neither created nor had actual or constructive notice of the missing concrete on the steps that allegedly caused the plaintiff to fall (*see Piacquadio v Recine Realty Corp.,* 84 NY2d 967, 969; *Mercer v City of New York,* 223 AD2d 688, *affd* 88 NY2d 955). In opposition, the plaintiff failed to demonstrate that his prior complaints to restaurant personnel regarding debris on the steps constituted actual or constructive notice of the alleged defect (*see Gordon v American Museum of Natural History,* 67 NY2d 836; *Galgan v Allied Staten Is. Co.,* 248 AD2d 585; *Mankowski v Two Park Co.,* 225 AD2d 673).

Denial of the plaintiff's motion for leave to renew was proper as the expert affidavit submitted in support thereof was based upon an examination of the steps some five years after the accident. As such, it failed to establish that a hazardous condition existed on the day of the plaintiff's fall or that the defendants had actual or constructive notice of the alleged missing concrete in the steps (*see Figueroa v Haven Plaza*

*Hous. Dev. Fund Co.,* 247 AD2d 210; *Mankowski v Two Park Co., supra).* Moreover, the photographs upon which the plaintiff relied are not admissible in evidence. Although taken when the stairs were examined, they were not authenticated by evidence sufficient to establish that the condition at the time of the plaintiff's fall was substantially as shown in the photographs (*see Truesdell v Rite Aid of N.Y.,* 228 AD2d 922, 923; *Anis v Associated Rest. Mgt. Corp.,* 202 AD2d 459, 460). O'Brien, J.P., Friedmann, Schmidt and Townes, JJ., concur.