■ GLEN HAMMARBERG et al., Appellants, v HARLEY RENDEZVOUS, INC., Also Known as HARLEY RENDEZVOUS CLASSIC, INC., et al., Respondents. [758 NYS2d 859] —Spain, J. Appeal from an order of the Supreme Court (Kramer, J.), entered June 11, 2002 in Schenectady County, which granted defendants' motion for summary judgment dismissing the complaint.

Plaintiff Glen Hammarberg (hereinafter plaintiff) and his wife, derivatively, commenced this action after he was hit by a motorcycle while attending the annual Harley Rendezvous Classic in the Town of Rotterdam, Schenectady County. The event is a festival for motorcycle enthusiasts featuring food and alcohol vendors, as well as vendors selling jewelry, clothing and other items. The three-day festival attracts large crowds of people, many of whom camp overnight on the grounds. The accident occurred while plaintiff was walking on a pedestrian walkway, when a golf cart came down a hill on the adjacent roadway and the driver yelled "no brakes," causing a motorcycle to veer into the pedestrian walkway to avoid the golf cart, hitting plaintiff. A volunteer emergency medical technician assisted plaintiff and he was taken to the hospital. Plaintiffs allege that the accident and resultant injuries were caused by the negligence of defendants, the landowners and event sponsors.

Defendants moved for summary judgment, relying on evi-

dence demonstrating that during the event, staff was employed 24 hours a day to provide safety and emergency services. Specifically, individuals were present at every intersection to keep people off the roadways and enforce the posted five mile-per-hour speed limit, voluntary emergency medical technicians were continuously on duty, and maintenance on the grounds was performed prior to the three-day event. A pedestrian walkway was provided and rules were written on the back of each patron's admission ticket. In addition, defendants submitted eyewitness testimony that, at the time of the accident, the ground was dry and the motorcycle in question was not exceeding the five mile-per-hour speed limit.

"As landowners, defendants owed a duty to exercise reasonable care in maintaining their property in a safe condition under all the circumstances * * *" (*Perrelli v Orlow*, 273 AD2d 533, 534 [2000] [citation omitted]; *see Basso v Miller*, 40 NY2d 233, 241 [1976]). However, in order to establish a prima facie case of negligence, it was incumbent upon plaintiffs not only to identify a duty owed plaintiff by defendants, but to allege some breach thereof by identifying a dangerous or defective condition either created by defendants or of which defendants had actual or constructive notice (*see Dapp v Larson*, 240 AD2d 918, 918 [1997]; *George v Ponderosa Steak House*, 221 AD2d 710, 711 [1995]). As Supreme Court properly found, plaintiffs have utterly failed to allege any specific allegation of negligent conduct which may have contributed to the accident, but rely instead on general observations that the festival experienced high motorcycle traffic, alcohol was served and it rained the night before the event. Accordingly, "[w]ith only speculation proffered as to how [defendants] may have breached [their] duty," summary judgment was appropriately granted (*Foley v Golub Corp.*, 252 AD2d 905, 908 [1998]; *see Sataline v Agrek Enters.*, 173 AD2d 227, 229 [1991]).

Crew III, J.P., Peters, Lahtinen and Kane, JJ., concur. Ordered that the order is affirmed, with costs.