■ DIEDRE L. WELCH et al., Appellants-Respondents, v CARMELO DE CICCO et al., Respondents-Appellants, et al., Defendant. [780 NYS2d 664]—

Spain, J. Cross appeals from an order of the Supreme Court (Stein, J.), entered January 16, 2004 in Greene County which, inter alia, granted a cross motion by defendants Carmelo De Cicco and Angela LoBianco for summary judgment dismissing the complaint against them.

Plaintiffs commenced this action seeking compensation for injuries allegedly sustained in an October 2001 automobile accident in a parking lot owned by defendants Carmelo De Cicco and Angela LoBianco (hereinafter collectively referred to as defendants). According to plaintiffs, the accident occurred when the undercarriage of the minivan driven by plaintiff Diedre L. Welch (hereinafter Welch), in which her husband, plaintiff Richard Welch, was a passenger, struck a raised manhole, abruptly stopping the vehicle and causing serious injury to plaintiffs. Defendants counterclaimed against Welch for indemnification or contribution in the event that her husband recovered against defendants, based upon Welch's alleged negligence as the driver. Welch moved for summary judgment

dismissing defendants' counterclaim and defendants then cross-moved for summary judgment dismissing plaintiffs' complaint against them, primarily on the ground that it was physically impossible for the alleged accident to have occurred at all. Supreme Court granted both motions, granting defendants' cross motion in its entirety on the ground that defendants lacked actual or constructive notice of the alleged dangerous condition. Both plaintiffs and defendants appeal.

In order to obtain summary judgment, defendants were required to "establish that they maintained their parking lot in a reasonably safe condition and did not have actual or constructive notice of a dangerous condition or did not affirmatively create it" (*Orr v Spring*, 288 AD2d 663, 664 [2001]; *see Antich v McPartland*, 293 AD2d 953, 953 [2002]). Defendants correctly argue that plaintiffs have not shown that defendants had actual notice of the alleged dangerous condition or that they created it, leaving only the issue of constructive notice, i.e., whether "a defect [was] visible and apparent and . . . exist[ed] for a sufficient length of time prior to the accident to permit defendant[s'] employees to discover and remedy it" (*Gordon v American Museum of Natural History*, 67 NY2d 836, 837 [1986]; *see Mueller v Hannaford Bros. Co.*, 276 AD2d 819, 819 [2000]).

Defendants established that they had not altered the manhole since they purchased their property in 1991, had not received any complaints about it despite the fact that cars routinely drove over it, and had no indication that it posed any threat to cars traversing the parking lot. Defendants' engineer opined that it was physically impossible for the undercarriage of plaintiffs' vehicle to have come in contact with the slightly raised (three-eighths of an inch) edge of the manhole. Indeed, plaintiffs conceded that they did not even see the condition of the manhole before striking it. Given these facts, we conclude that defendants sufficiently demonstrated lack of constructive notice, requiring plaintiffs to tender evidentiary proof demonstrating the existence of a triable issue of fact on this issue (*see Pulley v McNeal*, 240 AD2d 913, 913-914 [1997]; *Truesdell v Rite Aid of N.Y.*, 228 AD2d 922, 923 [1996]). Attempting to do so, plaintiffs rely, for the first time, on defendants' admission that the manhole was in its present condition since their purchase of the property. Defendants, however, never conceded that the condition of the manhole was defective or dangerous. Without a showing that defendants also knew or should have known of a danger posed by the manhole, we find their admission of its unchanged condition insufficient to create any material question of fact regarding constructive notice (*see Pulley v*

*McNeal, supra* at 913-914). As such, Supreme Court properly granted defendants' cross motion for summary judgment dismissing the complaint against them.

In so ruling, we find no merit in plaintiffs' contention that Supreme Court awarded summary judgment on an issue not raised in the motion papers. While not focusing on the issue of notice, defendants nonetheless raised it, pointing out in their motion papers that no incidents similar to this alleged accident had ever occurred, and that they had never received any complaints about the condition of the manhole. In any event, given that the existence of "a dangerous or defective condition . . . of which defendants had actual or constructive notice" was a necessary finding in order to hold defendants liable on the claims involved in defendants' summary judgment motion, Supreme Court properly resolved defendants' cross motion on the issue of notice (*Hammarberg v Harley Rendezvous*, 305 AD2d 895, 896 [2003]; *see* CPLR 3212 [b]; *Webster v Ragona*, 7 AD3d 850, 855 [2004]; *cf. Dunham v Hilco Constr. Co.*, 89 NY2d 425, 429-430 [1996]).

Finally, Welch's motion for summary judgment seeking dismissal of defendants' counterclaim for indemnification and contribution became academic following defendants' successful cross motion for summary judgment dismissing plaintiffs' complaint. As such, Welch's motion should have been denied as academic (*see Georgia v Ramautar*, 180 AD2d 713, 715 [1992]).

Crew III, J.P., Mugglin, Rose and Kane, JJ., concur. Ordered that the order is modified, on the law, with costs to defendants Carmelo De Cicco and Angela LoBianco, by reversing so much thereof as granted plaintiff Diedre L. Welch's motion for summary judgment; motion denied; and, as so modified, affirmed.