■ MAHENAU NAQVI, Respondent, and SYED NAQVI, Appellant, v SHENGLI CHI, Defendant, and HERBERT K. SHIPPER, Respondent. [808 NYS2d 322]—

In an action to recover damages for personal injuries, Syed Naqvi appeals, as limited by his brief, from so much of a judgment of the Supreme Court, Queens County (Ritholtz, J.), entered October 13, 2004, as upon a jury verdict on the issue of liability, is in favor of Mahenau Naqvi and against him on the counterclaim of the defendant Herbert K. Shipper in the principal sum of $50,000.

Ordered that the judgment is reversed insofar as appealed from, on the law, with costs, and the counterclaim is dismissed.

This case arises from an accident involving three motor vehicles. At the time of the accident, Mahenau Naqvi was a passenger in a vehicle driven by her husband, Syed Naqvi, when it collided with vehicles driven by Shengli Chi and Herbert K. Shipper, respectively. The Naqvis sued both Chi and Shipper. Shipper counterclaimed against Mr. Naqvi for contribution and indemnification, and Chi asserted a cross claim against Shipper.

Prior to trial, all parties entered into a stipulation to "cap" any potential damages. The stipulation stated, inter alia, that "if Mr. Naqvi were found to be 100% liable then [he] would pay $50,000." After a trial on the issue of liability, the jury concluded that Mr. Naqvi was negligent and that his negligence was the proximate cause of the accident. The jury also concluded that neither Shipper nor Chi were negligent. Thereafter, "in conjunction with the stipulation," a judgment was entered against Mr. Naqvi "on the counterclaim" in the total sum of $56,631.99. On appeal, Mr. Naqvi argues that he cannot be liable to Shipper on the counterclaim for contribution and indemnification since the jury concluded that Shipper was not negligent. We agree.

Regardless of what the stipulation stated, it is clear that the only claim which was asserted against Mr. Naqvi was Shipper's counterclaim for contribution and indemnification. Therefore, the only liability which Mr. Naqvi could incur in this case was liability to Shipper for contribution toward the damages Shipper had to pay, or to indemnify Shipper for any damages. However, it is axiomatic that Mr. Naqvi's potential liability to Shipper would not arise unless and until Shipper was found to be liable to Mrs. Naqvi (*see generally Sommer v Federal Signal Corp.*, 79 NY2d 540 [1992]; *Welch v De Cicco*, 9 AD3d 725 [2004]). As the jury did not find that Shipper was in any way liable in this case, Mr. Naqvi's liability on the counterclaim was rendered academic, and the counterclaim against him should have been dismissed, thereby relieving Mr. Naqvi of any liability to pay damages (*see generally Welch v De Cicco, id.*). Accordingly, the court erred in entering judgment against Mr. Naqvi on the counterclaim. Schmidt, J.P., S. Miller, Santucci and Spolzino, JJ., concur.