■ Donna Headley et al., Respondents, v M&J Limited Partnership, Appellant. [894 NYS2d 804]—

Appeal from an order of the Supreme Court, Erie County (Frederick J. Marshall, J.), entered February 6, 2009 in a

personal injury action. The order, insofar as appealed from, denied defendant's motion for summary judgment dismissing the complaint.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: In this negligence action, defendant appeals from an order denying its motion for summary judgment dismissing the complaint. According to plaintiffs, who rented an apartment from defendant, Donna Headley (plaintiff) fell as a result of the dangerous condition of the back deck and steps of the apartment, i.e., the presence of a mildewy growth in the wood that, when wet, rendered the deck and steps unusually slippery. The complaint, as amplified by the bill of particulars, alleged that defendant created the allegedly dangerous condition by "allowing water, mold and mildew to form and remain on the steps of the premises," and that it had actual or constructive notice of the allegedly dangerous condition. Supreme Court properly denied the motion (*see Khamis v CG Foods, Inc.*, 49 AD3d 606, 607 [2008]; *see generally Welch v De Cicco*, 9 AD3d 725 [2004]; *Backer v Central Parking Sys.*, 292 AD2d 408, 409 [2002]). We note in particular that, by its own submissions, which included the deposition testimony of both plaintiffs, defendant failed to establish that it did not have actual notice of the allegedly dangerous condition. Contrary to defendant's contention, the fact that plaintiff was aware of the condition did not relieve defendant of its duty to maintain the deck and steps in a reasonably safe condition. " 'The fact that a dangerous condition is open and obvious does not negate the duty to maintain premises in a reasonably safe condition but, rather, bears only on the injured person's comparative fault' " (*Rice v University of Rochester Med. Ctr.*, 55 AD3d 1325, 1327 [2008]; *see Baines v G&D Ventures, Inc.*, 64 AD3d 528, 529 [2009]; *Konopczynski v ADF Constr. Corp.*, 60 AD3d 1313, 1315 [2009]). Present—Scudder, P.J., Peradotto, Carni, Green and Gorski, JJ.