■ RACHEL ANDERSON, Respondent, v NEIL WEINBERG et al., Appellants. [894 NYS2d 292]—

Appeal from an order of the Supreme Court, Erie County (Diane Y. Devlin, J.), entered January 28, 2009 in a personal injury action. The order denied defendants' motion for summary judgment.

It is hereby ordered that the order so appealed from is unanimously reversed on the law without costs, the motion is granted and the complaint is dismissed.

Memorandum: Plaintiff commenced this action seeking damages for injuries she sustained when she fell after stepping in a snow-covered pothole in a parking lot owned and maintained by defendants. We agree with defendants that Supreme Court erred in denying their motion for summary judgment dismissing the complaint. A landowner is liable for a dangerous or defective condition on his or her property when the landowner "created the condition or had actual or constructive notice of it and a reasonable time within which to remedy it" (*Backer v Central Parking Sys.*, 292 AD2d 408, 409 [2002]; *see Khamis v CG Foods, Inc.*, 49 AD3d 606, 607 [2008]; *Batista v KFC Natl. Mgt. Co.*, 21 AD3d 917 [2005]). In support of their motion, defendants submitted the deposition testimony of defendant Neil Weinberg, establishing that defendants did not create the allegedly dangerous condition nor did they have actual or constructive notice of the pothole, and plaintiff failed to raise a triable issue of fact to defeat the motion (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]).

In opposing the motion, plaintiff contended that defendants had constructive notice of the pothole, and in support thereof she submitted photographs of the parking lot taken after the accident. "A photograph may be used to prove constructive notice of an alleged defect shown in the photograph if it was taken reasonably close to the time of the accident and there is testimony that the condition at the time of the accident was substantially as shown in the photographs" (*Lustenring v 98-100 Realty*, 1 AD3d 574, 577 [2003], *lv dismissed in part and denied in part* 2 NY3d 791 [2004]; *see DeGiacomo v Westchester County Healthcare Corp.*, 295 AD2d 395 [2002]; *Truesdell v Rite Aid of N.Y.*, 228 AD2d 922 [1996]). Here, plaintiff established that the photographs were taken at some point during the 5¹/₂-

week period after the accident, but she failed to establish that they depicted the pothole in question or, indeed, that they reasonably depicted the condition of the parking lot at the time of the accident. Without that authentication, the photographs submitted by plaintiff thus do not constitute the requisite evidentiary proof in admissible form necessary to raise an issue of fact with respect to constructive notice (*see Young v Ai Guo Chen*, 294 AD2d 430, 431 [2002]; *Truesdell*, 228 AD2d at 923).

Finally, we reject plaintiff's contention that defendants contend for the first time on appeal that they lacked actual or constructive notice of the pothole and thus that their contention is not properly before us (*see Ciesinski v Town of Aurora*, 202 AD2d 984, 985 [1994]). Defendants sufficiently raised that contention in support of their motion, and plaintiff's opposition to the motion addressed that contention, identifying it as the crucial issue in the case. In any event, given that defendants could only establish their entitlement to summary judgment dismissing the complaint by establishing that they neither created the allegedly dangerous condition nor had actual or constructive notice thereof, we conclude that the notice issue is properly before us on appeal (*see Welch v De Cicco*, 9 AD3d 725, 727 [2004]). Present—Scudder, P.J., Smith, Peradotto, Green and Gorski, JJ.