■ In the Matter of LISA BRAMBLE et al., Appellants, v NEW YORK CITY DEPARTMENT OF EDUCATION, Respondent. [4 NYS3d 238]—

In a proceeding pursuant to General Municipal Law § 50-e

(5) for leave to serve a late notice of claim, the petitioners appeal from an order of the Supreme Court, Richmond County (Aliotta, J.), dated November 14, 2013, which denied the petition, and denied, as academic, their motion pursuant to CPLR 408 for certain disclosure.

Ordered that the order is modified, on the law, by deleting the provision thereof denying the petitioners' motion pursuant to CPLR 408 for certain disclosure as academic, and substituting therefor a provision denying that motion on the merits; as so modified, the order is affirmed, with costs.

In this proceeding for leave to serve a late notice of claim, the petitioners moved pursuant to CPLR 408 for certain disclosure prior to the scheduled date for the hearing of the petition. The Supreme Court did not decide the merits of the motion for disclosure, but instead reviewed the parties' submissions on the petition for leave to serve a late notice of claim and denied that petition. The court further denied the motion for disclosure as academic based on its denial of the petition.

Initially, under the circumstances of this case, the Supreme Court should have decided the merits of the petitioners' motion for disclosure before resolving the petition. However, given the complete state of the record, and in the interest of judicial economy, we decide the motion for disclosure now.

In a special proceeding, where disclosure is available only by leave of the court (*see* CPLR 408), the Supreme Court has broad discretion in granting or denying disclosure (*see Matter of City of Glen Cove Indus. Dev. Agency v Doxey*, 79 AD3d 1038 [2010]), although it must balance the needs of the party seeking discovery against such opposing interests as expediency and confidentiality (*see Matter of Grossman v McMahon*, 261 AD2d 54, 57 [1999]; *Matter of Town of Pleasant Val. v New York State Bd. of Real Prop. Servs.*, 253 AD2d 8, 16 [1999]). Contrary to the petitioners' contention, they failed to demonstrate that the requested discovery was necessary and that providing the requested discovery would not unduly delay this proceeding (*see Matter of City of Glen Cove Indus. Dev. Agency v Doxey*, 79 AD3d at 1039; *cf. Matter of Grossman v McMahon*, 261 AD2d at 57; *Matter of Town of Pleasant Val. v New York State Bd. of Real Prop. Servs.*, 253 AD2d at 16). Accordingly, the Supreme Court should have denied the petitioners' motion for disclosure on the merits.

Furthermore, the petition for leave to serve a late notice of claim was properly denied. In determining whether to permit service of a late notice of claim, the court must consider all relevant facts and circumstances, including whether (1) the pub-

lic corporation acquired actual knowledge of the essential facts constituting the claim within 90 days of the incident or a reasonable time thereafter, (2) the petitioner had a reasonable excuse for the delay, and (3) the public corporation was prejudiced by the delay in its ability to maintain its defense on the merits (*see* Education Law § 3813 [2-a]; General Municipal Law § 50-e [5]; *Williams v Nassau County Med. Ctr.*, 6 NY3d 531, 538 [2006]; *Matter of Hampson v Connetquot Cent. Sch. Dist.*, 114 AD3d 790 [2014]; *Matter of Destine v City of New York*, 111 AD3d 629 [2013]; *Bazile v City of New York*, 94 AD3d 929, 929-930 [2012]). The injured petitioner's assertion that she did not immediately appreciate the nature and severity of her injuries during the first 90 days after the subject incident is unavailing without supporting medical evidence explaining why the possible permanent effects of the injuries took so long to become apparent and to be diagnosed (*see Matter of Walker v Riverhead Cent. Sch. Dist.*, 107 AD3d 727, 728 [2013]; *Matter of Minkowicz v City of New York*, 100 AD3d 1000 [2012]; *Matter of Felice v Eastport/South Manor Cent. School Dist.*, 50 AD3d 138, 151 [2008]). Moreover, the injured petitioner failed to proffer any excuse for the significant delay between the time that she was diagnosed with her injuries and the time that she commenced this proceeding (*see Matter of Walker v Riverhead Cent. Sch. Dist.*, 107 AD3d at 728; *Matter of Joseph v City of New York*, 101 AD3d 721 [2012]; *Matter of Grant v Nassau County Indus. Dev. Agency*, 60 AD3d 946, 947 [2009]).

In addition, the petitioners failed to establish that the respondent acquired actual knowledge of the essential facts constituting the claim within 90 days after the claim arose or within a reasonable time thereafter (*see Williams v Nassau County Med. Ctr.*, 6 NY3d at 537; *Matter of Werner v Nyack Union Free School Dist.*, 76 AD3d 1026, 1027 [2010]; *Matter of Pico v City of New York*, 8 AD3d 287, 288 [2004]; *Matter of Shapiro v County of Nassau*, 208 AD2d 545 [1994]). Although an occurrence report was prepared by school officials, and a comprehensive injury report was prepared and signed by the injured petitioner and school officials, immediately after the incident, those documents merely indicated that the injured petitioner injured her back while attempting to defuse a fight between students and did not indicate that the injury was caused by a malfunctioning door or door-closing device. General Municipal Law § 50-e (5) contemplates not only knowledge of the facts, but also how they relate to the legal claim to be asserted (*see Williams v Nassau County Med. Ctr.*, 6 NY3d at 537; *Matter of Werner v Nyack Union Free School Dist.*, 76 AD3d at 1027; *Matter of Carpenter v City of New York*, 30 AD3d

594, 595 [2006]; *Matter of Henriques v City of New York*, 22 AD3d 847, 848 [2005]). The reports, and two written statement forms prepared by the injured petitioner and an eyewitness immediately after the incident, did not provide the respondent with actual knowledge of the essential facts constituting the petitioners' present claim that the respondent was negligent in failing to properly repair a defective door-closing device on the door of the injured petitioner's office (*see Matter of Anderson v Town of Oyster Bay*, 101 AD3d 708 [2012]; *Matter of Werner v Nyack Union Free School Dist.*, 76 AD3d at 1027; *Troy v Town of Hyde Park*, 63 AD3d 913, 914 [2009]).

Finally, the petitioners failed to establish that the respondent would not be substantially prejudiced in its defense on the merits by the significant delay should leave be granted (*see Matter of Felice v Eastport/South Manor Cent. School Dist.*, 50 AD3d at 152; *Matter of Lorseille v New York City Hous. Auth.*, 295 AD2d 612 [2002]; *Matter of Sica v Board of Educ. of City of N.Y.*, 226 AD2d 542 [1996]). The petitioners failed to establish that the defective condition still existed at the time that they provided the respondent with notice of their claim, and to rebut the respondent's assertion that it has been deprived of an opportunity to elicit information from the witnesses related to this claim (*see Matter of Formisano v Eastchester Union Free School Dist.*, 59 AD3d 543, 545 [2009]; *Matter of Felice v Eastport/South Manor Cent. School Dist.*, 50 AD3d at 152). We note that the photographs upon which the petitioners rely were not authenticated by evidence sufficient to establish that the condition which allegedly caused the injury was substantially as depicted therein (*see Matter of Valentine v City of New York*, 72 AD3d 981, 982 [2010]; *Anderson v Weinberg*, 70 AD3d 1438 [2010]; *Young v Ai Guo Chen*, 294 AD2d 430, 431 [2002]). Mastro, J.P., Chambers, Cohen and Barros, JJ., concur.