Pasceri v Keleher (2019 NY Slip Op 00758)





Pasceri v Keleher


2019 NY Slip Op 00758


Decided on February 1, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 1, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CARNI, J.P., LINDLEY, DEJOSEPH, NEMOYER, AND WINSLOW, JJ.


1161 CA 17-02202

[*1]SAMUEL J. PASCERI AND VIRGINIA PASCERI, PLAINTIFFS-APPELLANTS,
v
TIMOTHY KELEHER, NANCEY KELEHER, DEFENDANTS-RESPONDENTS, BIELMEIER BUILDERS, INC., DEFENDANT. (APPEAL NO. 2.) 






MUSCATO, DIMILLO & VONA, LLP, LOCKPORT (P. ANDREW VONA OF COUNSEL), FOR PLAINTIFFS-APPELLANTS.
HURWITZ & FINE, P.C., BUFFALO (TODD C. BUSHWAY OF COUNSEL), FOR DEFENDANTS-RESPONDENTS. 


 Appeal from a judgment of the Supreme Court, Niagara County (Sara Sheldon, A.J.), entered September 26, 2017. The judgment dismissed the complaint against defendants Timothy Keleher and Nancey Keleher upon a jury verdict. 
It is hereby ORDERED that the judgment so appealed from is unanimously reversed on the law without costs, the posttrial motion is granted in part, the verdict is set aside in part, the amended complaint against defendants Timothy Keleher and Nancey Keleher is reinstated and a new trial is granted against those defendants.
Memorandum: Plaintiffs commenced this premises liability action seeking damages for injuries that Samuel J. Pasceri (plaintiff) sustained when he fell through an opening in the first floor of a residence being constructed for defendants Timothy Keleher and Nancey Keleher and landed on his back on the cement basement floor. Defendant Bielmeier Builders, Inc. (Bielmeier, Inc.) was either the construction manager or the general contractor on the construction project. Following a trial, the jury returned a verdict finding that neither Bielmeier, Inc. nor the Kelehers were negligent, that plaintiff was negligent and that his negligence was the sole cause of the accident. Pursuant to CPLR 4404 (a), plaintiffs moved to set aside the verdict as contrary to the weight of the evidence. Supreme Court denied the motion. In appeal No. 1, plaintiffs appeal from the judgment entered in favor of Bielmeier, Inc. and, in appeal No. 2, plaintiffs appeal from the judgment entered in favor of the Kelehers. In each appeal, plaintiffs contend that the verdict is against the weight of the evidence and that the court erred in denying their posttrial motion. We conclude that the judgment in appeal No. 1 should be affirmed but that the judgment in appeal No. 2 should be reversed.
As a preliminary matter, we reject the Kelehers' contention that plaintiffs' contentions are not properly preserved for our review. Contrary to the Kelehers' assertion, plaintiffs do not contend that the verdict is internally inconsistent, which is a contention that must be preserved for appellate review by " object[ing] to the verdict on that ground before the jury [is] discharged' " (Krieger v McDonald's Rest. of N.Y., Inc., 79 AD3d 1827, 1828 [4th Dept 2010], lv dismissed 17 NY3d 734 [2011]). Rather, plaintiffs contend that the verdict is against the weight of the evidence presented at trial, a contention that was preserved for our review by plaintiffs' posttrial motion to set aside the verdict on that ground (cf. Homan v Herzig [appeal No. 2], 55 AD3d 1413, 1413-1414 [4th Dept 2008]).
With respect to the merits, "[i]t is well established that [a] verdict rendered in favor of a defendant may be successfully challenged as against the weight of the evidence only when the [*2]evidence so preponderated in favor of the plaintiff that it could not have been reached on any fair interpretation of the evidence" (Wentland v E.A. Granchelli Devs., Inc. [appeal No. 2], 145 AD3d 1623, 1623 [4th Dept 2016] [internal quotation marks omitted]; see Krieger, 79 AD3d at 1828; see generally Lolik v Big V Supermarkets, 86 NY2d 744, 746 [1995]). In appeal No. 1, whether Bielmeier, Inc. acted as a construction manager or general contractor, it could be liable for a dangerous condition on the property only if it had control over the work site and either created the dangerous condition or had notice of it (see generally Steiger v LPCiminelli, Inc., 104 AD3d 1246, 1248 [4th Dept 2013]; Barends v Louis P. Ciminelli Constr. Co., Inc., 46 AD3d 1412, 1413 [4th Dept 2007]). We conclude that the verdict finding that Bielmeier, Inc. was not negligent is supported by the weight of the evidence inasmuch as the evidence at trial established that Bielmeier, Inc. did not create the dangerous condition, i.e., the hole in the floor obscured by cardboard, or have actual or constructive notice of it.
With respect to appeal No. 2, however, we conclude that the verdict finding that the Kelehers were not negligent is against the weight of the evidence. "A defendant stands liable in negligence only for breach of a duty of care owed to the plaintiff" (Sanchez v State of New York, 99 NY2d 247, 252 [2002]), and a " [a] landowner must act as a reasonable [person] in maintaining his [or her] property in a reasonably safe condition in view of all the circumstances, including the likelihood of injury to others, the seriousness of the injury, and the burden of avoiding the risk' " (Basso v Miller, 40 NY2d 233, 241 [1976]). It is well established that "[a] landowner is liable for a dangerous or defective condition on his or her property when the landowner created the condition or had actual or constructive notice of it and a reasonable time within which to remedy it' " (Anderson v Weinberg, 70 AD3d 1438, 1439 [4th Dept 2010]; see Cook v Sutton, 254 AD2d 821, 821 [4th Dept 1998]).
Here, the court instructed the jury that it must find Timothy Keleher negligent if it decided that plaintiff's "presence was foreseeable and that Timothy Keleher created an unsafe condition by placing a piece of cardboard over the stairway opening to the basement. On the other hand if [it found] that [plaintiff's] presence was not foreseeable or that Timothy Keleher did not create the unsafe condition, then [it must find] find the Kelehers were not negligent." Timothy Keleher admitted at trial that he covered the hole, which measured several feet in width and length, with a sheet of cardboard in an effort to preserve the heat in the basement, where he was working. It was undisputed at trial that covering such a hole with cardboard created an unsafe condition. The evidence at trial further established that plaintiff's presence at the property was foreseeable inasmuch as both Timothy Keleher and plaintiff testified that plaintiff stated that he would return to the property later that day. The fact that plaintiff may have returned later than was expected does not, in our view, render it unforeseeable that he would come back to the residence. Moreover, contrary to the Kelehers' contention, the fact that plaintiff was allegedly "aware of the condition did not relieve [them] of [their] duty to maintain the [premises] in a reasonably safe condition" (Headley v M & J L.P., 70 AD3d 1312, 1313 [4th Dept 2010]). Rather, such awareness " bears only on the injured person's comparative fault' " (Ahern v City of Syracuse, 150 AD3d 1670, 1671 [4th Dept 2017]; see Headley, 70 AD3d at 1313).
Inasmuch as plaintiff's presence was foreseeable, the risk of serious injury was great and the burden of avoiding the risk minimal, we conclude that a finding that the Kelehers were not negligent could not have been reached on any fair interpretation of the evidence. We therefore reverse the judgment in appeal No. 2, grant plaintiffs' posttrial motion in part, set aside the verdict in part, reinstate the amended complaint against Timothy Keleher and Nancey Keleher, and remit the matter for a new trial against them.
Entered: February 1, 2019
Mark W. Bennett
Clerk of the Court