Maracle v Colin C. Hart Dev. Co., Inc. (2021 NY Slip Op 02939)





Maracle v Colin C. Hart Dev. Co., Inc.


2021 NY Slip Op 02939


Decided on May 7, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 7, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., CARNI, NEMOYER, TROUTMAN, AND WINSLOW, JJ.


461 CA 20-01026

[*1]STANLEY MARACLE, PLAINTIFF-RESPONDENT,
v
COLIN C. HART DEVELOPMENT COMPANY, INC., DEFENDANT-APPELLANT. 






WALSH, ROBERTS & GRACE LLP, BUFFALO (JOSEPH H. EMMINGER, JR., OF COUNSEL), FOR DEFENDANT-APPELLANT. 
SHAW & SHAW, P.C., HAMBURG (LEONARD D. ZACCAGNINO OF COUNSEL), FOR PLAINTIFF-RESPONDENT. 


 Appeal from an order of the Supreme Court, Erie County (Catherine R. Nugent Panepinto, J.), entered August 14, 2020. The order denied the motion of defendant for summary judgment dismissing the complaint. 
It is hereby ORDERED that the order so appealed from is unanimously modified on the law by granting the motion in part and dismissing the complaint to the extent that the complaint, as amplified by the bill of particulars, alleges that defendant created or had actual notice of the allegedly dangerous condition and as modified the order is affirmed without costs.
Memorandum: Plaintiff commenced this action to recover damages for injuries that he sustained when he fell to the ground from a second-story balcony outside an apartment that defendant leased to him. Defendant contends that Supreme Court erred in denying its motion for summary judgment dismissing the complaint. We agree in part and conclude that the court erred in denying the motion with respect to the allegation that defendant created or had actual notice of the allegedly dangerous condition. We therefore modify the order accordingly.
Defendant met its initial burden on its motion of establishing that it did not create or have actual or constructive notice of the alleged defect in the second-story balcony (see Moore v Ortolano, 78 AD3d 1652, 1652 [4th Dept 2010]; Anderson v Weinberg, 70 AD3d 1438, 1439 [4th Dept 2010]). In support of the motion, defendant submitted the deposition of plaintiff, who testified that he lived in the apartment for approximately 15 years prior to the accident and was unaware of a problem with the balcony railing. Defendant also submitted evidence establishing that it had received no complaints with respect to the condition of the railing and that it made no repairs to the railing prior to the accident.
In opposition to the motion, plaintiff raised an issue of fact whether defendant had constructive notice of the alleged defect in the balcony railing by submitting a letter written by the Village of Springville Code Enforcement Officer and sent to defendant. The letter, dated 10 days before the accident, stated that "the porch" with respect to the subject property was "falling apart" and needed "immediate attention," and asked defendant to schedule a time for the Officer to inspect the property. Although defendant's reply papers included an affidavit from the Code Enforcement Officer explaining that the letter referred to a first-story porch and not the second-story balcony, a person reading the Officer's letter without any clarification would not have known specifically which porch the Officer had observed in disrepair. "The duty of landowners to inspect their property is measured by a standard of reasonableness under the circumstances" (Pommerenck v Nason, 79 AD3d 1716, 1717 [4th Dept 2010]; see Gaffney v Norampac Indus., Inc., 109 AD3d 1210, 1211 [4th Dept 2013]), and we conclude that there is an issue of fact whether the information in the letter should have aroused defendant's suspicion so as to trigger such a duty to inspect (cf. Anderson v Justice, 96 AD3d 1446, 1447-1448 [4th Dept 2012]; see [*2]generally Catalano v Tanner, 23 NY3d 976, 977 [2014]).
Plaintiff failed to raise an issue of fact whether defendant either created or had actual notice of the alleged defect (see Anderson, 70 AD3d at 1439; see generally Zuckerman v City of New York, 49 NY2d 557, 562 [1980]).
Entered: May 7, 2021
Mark W. Bennett
Clerk of the Court