Matter of Muser (2022 NY Slip Op 04125)

Matter of Muser

2022 NY Slip Op 04125

Decided on June 28, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 28, 2022

Before: Manzanet-Daniels, J.P., Oing, González, Higgitt, JJ. 

Index No. 500123/19 Appeal No. 16225 Case No. 2020-04349, 2021-00693 

[*1]In the Matter of the Application of Howard Muser, Petitioner-Respondent, for the Appointment of a Guardian of the Person and Property of Judith Brook, ED.D., An Alleged Incapacitated Person. Adam Brook, M.D., PD.D. Cross-Petitioner-Appellant, etc. 

Adam Brook, appellant pro se.
Huth Reynolds, LLP, Huntington (Karl C. Huth of counsel), for respondent.

Orders, Supreme Court, New York County (Kelly O'Neill Levy, J.), entered September 24, 2020, which, respectively, denied the motion of cross petitioner Adam Brook, M.D., PD.D. (petitioner), the son of the late incapacitated person, Judith Brook, ED.D., to compel respondent Howard Muser to comply with discovery demands, and declined to sign subpoenas that petitioner had emailed to chambers, unanimously affirmed, with costs.
The majority of petitioner's appeal is directed at challenging the appointment of a guardian in the first instance. However, the merits of the underlying guardianship application have already been the subject of an unsuccessful appeal before this Court (Matter of Muser v Muser, 192 AD3d 429 [1st Dept 2021], lv denied 37 NY3d 914 [2021]), which we will not now disturb.
As to the merits of this appeal, Supreme Court providently exercised its discretion in denying the motion to compel and declining to sign the subpoenas emailed to chambers (see Matter of Bramble v New York City Dept. of Educ., 125 AD3d 856, 857 [2d Dept 2015]). The discovery sought was related to the fee applications of private attorneys and other court appointees in this guardianship proceeding, which is a matter that falls within the court's discretion (see Matter of Audrey J.S., 34 AD3d 820, 821 [2d Dept 2006]). With respect to both orders, the court properly determined that the documents requested are not necessary in determining a fee award, were not tailored to obtaining any relevant information, and that the requested information would have unduly delayed the proceeding (see Matter of City of Glen Cove Indus. Dev. Agency v Doxey, 79 AD3d 1038, 1038 [2d Dept 2010]; Bramble, 125 AD3d at 857).
We have considered petitioner's remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 28, 2022