Mallor v City of New York (2024 NY Slip Op 04383)

Mallor v City of New York

2024 NY Slip Op 04383

Decided on September 11, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 11, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
ROBERT J. MILLER
BARRY E. WARHIT
HELEN VOUTSINAS, JJ.

2022-10314
2023-02661
 (Index No. 523841/22)

[*1]Shari Mallor, appellant, 
v
City of New York, et al., respondents.

Salenger, Sack, Kimmel & Bavaro, LLP, Woodbury, NY (Edward J. Nitkewicz of counsel), for appellant.
Muriel Goode-Trufant, Acting Corporation Counsel, New York, NY (Deborah A. Brenner, Kate Fletcher, and Karin Wolfe of counsel), for respondents.

DECISION & ORDER
In a proceeding pursuant to General Municipal Law § 50-e(5) for leave to serve a late notice of claim, the petitioner appeals from (1) an order of the Supreme Court, Kings County (Gina Abadi, J.), dated November 2, 2022, and (2) an order of the same court dated February 8, 2023. The order dated November 2, 2022, denied the petition and dismissed the proceeding. The order dated February 8, 2023, denied the petitioner's motion for leave to reargue and renew the petition.
ORDERED that the order dated November 2, 2022, is affirmed; and it is further,
ORDERED that the appeal from so much of the order dated February 8, 2023, as denied that branch of the petitioner's motion which was for leave to reargue is dismissed, as no appeal lies from an order denying reargument; and it is further,
ORDERED that the order dated February 8, 2023, is affirmed insofar as reviewed; and it is further,
ORDERED that one bill of costs is awarded to the respondents.
In November 2021, the petitioner allegedly was injured by a student while employed as a schoolteacher by the respondents, City of New York and New York City Department of Education. In August 2022, the petitioner commenced this proceeding pursuant to General Municipal Law § 50-e(5) for leave to serve a late notice of claim, alleging, inter alia, that the respondents were negligent in failing to provide adequate supervision for the student. In an order dated November 2, 2022, the Supreme Court denied the petition and dismissed the proceeding. Thereafter, the petitioner moved for leave to reargue and renew the petition. In an order dated February 8, 2023, the court denied the petitioner's motion. The petitioner appeals.
"Pursuant to General Municipal Law § 50-e(1)(a), a party seeking to sue a public corporation, which includes a school district, must serve a notice of claim on the prospective defendant 'within ninety days after the claim arises'" (Matter of Newcomb v Middle Country Cent. [*2]Sch. Dist., 28 NY3d 455, 460, quoting General Municipal Law § 50-e[1][a]). "General Municipal Law § 50-e(5) authorizes a court, in its discretion, to extend that period of time" (Matter of Anghel v Town of Hampstead, 223 AD3d 901, 902). "'In determining whether to grant a petition for leave to serve a late notice of claim or to deem a late notice of claim timely served nunc pro tunc, the court must consider all relevant circumstances, including whether (1) the public corporation acquired actual knowledge of the essential facts constituting the claim within 90 days after the claim arose or a reasonable time thereafter, (2) the claimant demonstrated a reasonable excuse for the failure to serve a timely notice of claim, and (3) the delay would substantially prejudice the public corporation in its defense on the merits'" (Matter of Robinson v City of New York, 208 AD3d 587, 587-588, quoting Matter of Brown v City of New York, 202 AD3d 783, 783; see General Municipal Law § 50-e[5]). "'Neither the presence nor absence of any one factor is determinative, although it is generally recognized that the question of whether the municipal entity timely acquired actual knowledge is of great importance'" (Matter of R.M. v Board of Educ. of the Long Beach City Sch. Dist., 212 AD3d 812, 813-814, quoting Matter of Zelin v Blind Brook-Rye Union Free Sch. Dist., 164 AD3d 1352, 1353).
Here, an injury report filed with the New York City Department of Education, in which the petitioner stated that a student elbowed her in the eye and scratched her arm and hand, was insufficient to establish that the respondents acquired actual knowledge of the essential facts constituting the claim (see C.A. v Academy Charter Sch., 216 AD3d 1075, 1077; Matter of R.M. v Board of Educ. of the Long Beach City Sch. Dist., 212 AD3d at 814). Furthermore, since the petitioner visited a physician on the day she allegedly sustained her injuries and was instructed to return two days later, the petitioner's excuse that she was unaware of the severity of her injuries is unavailing without supporting medical evidence explaining why the possible permanent effects of her injuries took so long to become apparent and be diagnosed (see Matter of Galicia v City of New York, 175 AD3d 681, 682; Matter of Fernandez v City of New York, 131 AD3d 532, 533; Matter of Bramble v New York City Dept. of Educ., 125 AD3d 856, 858). Moreover, the petitioner did not offer any excuse for the significant delay between the time that she was diagnosed with her injuries and the time that she commenced this proceeding (see Matter of Galicia v City of New York, 175 AD3d at 682; Matter of Bramble v New York City Dept. of Educ., 125 AD3d at 858). Finally, the petitioner failed to meet her burden of demonstrating that the respondents would not be substantially prejudiced in maintaining a defense on the merits as a result of the delay (see Matter of Lang v County of Nassau, 210 AD3d 773, 775-776).
Accordingly, the Supreme Court providently exercised its discretion in denying the petition and dismissing the proceeding.
The Supreme Court also properly denied that branch of the petitioner's motion which was for leave to renew the petition, as the petitioner did not offer a reasonable justification for failing to offer the purported new facts and evidence in support of the petition (see CPLR 2221[e][2]; Neeman v Smith, 227 AD3d 818, 820). Moreover, consideration of the purported new facts and evidence would not have changed the prior determination (see Matter of Robinson v City of New York, 208 AD3d at 588).
CONNOLLY, J.P., MILLER, WARHIT and VOUTSINAS, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court